**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Reshat SHABANI, a/k/a Lee Shabani,
Defendant–Appellant.**

No. 91–30224.

United States Court of Appeals,
Ninth Circuit.

Decided Feb. 14, 1995.

As Amended March 30, 1995.

Alan M. Caplan, Bushnell, Caplan & Fielding, San Francisco, CA, for defendant-appellant.

Karen L. Loeffler, Asst. U.S. Atty., Anchorage, AK, for plaintiff-appellee.

Before: WALLACE, Chief Judge, WRIGHT and LEAVY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Shabani appealed his conviction of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Under the compulsion of Ninth Circuit case authority, we reversed and held that the district court erred in not instructing the jury on the requirement of an overt act. *United States v. Shabani*, 993 F.2d 1419 (9th Cir.1993). The Supreme Court reversed. *United States v. Shabani*, — U.S. ——, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). We now reach the remaining issues raised on appeal.[1]

I

Shabani contends that the district court erred in failing to give the jury a multiple conspiracies instruction. He next argues that Judge Holland abused his discretion in limiting the cross-examination of witnesses Mayfield and Hatfield. Finally, he contends that Judge Holland erred in setting the offense level, and in imposing a greater sentence on Shabani than on his coconspirators.

II

A. *Multiple Conspiracies Instruction*

The indictment charged a single conspiracy between Shabani, Pinjoli, May-

---

1. The facts are sufficiently stated in 993 F.2d 1419 and — U.S. ——, 115 S.Ct. 382.

field and "other persons known and unknown to the Grand Jury" during March 1990. Shabani argues that there was unlawful variance between the indictment for a single conspiracy and the proof of multiple conspiracies, and that Judge Holland committed plain error in not instructing the jury *sua sponte* on multiple conspiracies. Had an objection been made, we would treat this claim as a sufficiency of evidence issue. *United States v. Kenny,* 645 F.2d 1323, 1335 (9th Cir.), *cert. denied,* 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1981). In determining whether there was such variance, we view the evidence in the light most favorable to the prosecution to see whether any rational juror could have found a single conspiracy beyond a reasonable doubt. *United States v. Patterson,* 819 F.2d 1495, 1502 (9th Cir.1987). A single conspiracy, as distinguished from multiple conspiracies, is "one overall agreement" to perform various functions to achieve the conspiracy's objectives. *Id.*

### 1. *Sufficient Evidence for One Conspiracy*

■ Shabani argues that the evidence demonstrated several conspiracies between Pinjoli, Mayfield, Mayfield's relatives and other suppliers. Yet the general test for a single conspiracy contemplates the existence of subagreements or subgroups. "The evidence need not exclude every hypothesis other than a single conspiracy exists." *Id.*. It was enough for the government to prove Shabani was involved in a broad project to distribute cocaine and that his benefit depended on the success of the operation. *See United States v. Kearney,* 560 F.2d 1358, 1362 (9th Cir.), *cert. denied,* 434 U.S. 971, 98 S.Ct. 522, 54 L.Ed.2d 460 (1977) (government need not prove defendant knew of all purposes and all participants in conspiracy).

Mayfield explained the general scheme to distribute cocaine and Shabani's role in arranging deliveries into Alaska. A purchaser, Hatfield, testified that Shabani was present during one sale and that he showed her where the "good grade" cocaine was stored. Although the government did not offer proof that Shabani made any of the drug sales, the prosecution presented enough evidence to al-

low a rational juror to conclude that Shabani had agreed to participate in the conspiracy as the supplier. There was no error and thus certainly no plain error.

### 2. *Ineffective Assistance of Counsel*

Shabani contends that his attorney's failure to request an instruction on multiple conspiracies denied him effective assistance of counsel. We need not consider this issue because no such instruction was required.

## B. *Restriction of Cross–Examination*

■ Shabani argues that the court improperly limited his cross-examination of witnesses Mayfield and Hatfield. We review judicial limits on cross-examination for abuse of discretion. *United States v. Jackson,* 756 F.2d 703, 706 (9th Cir.1985). A restriction of cross-examination does not violate the Confrontation Clause unless it limits relevant testimony and prejudices the defendant. *Id.* at 706–07. "The trial court does not abuse its discretion as long as the jury receives sufficient information to appraise the biases and motivations of the witness." *United States v. Feldman,* 788 F.2d 544, 554 (9th Cir.1986), *cert. denied,* 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987)).

### 1. *Cross–Examination of Mayfield*

■ When defense counsel asked Mayfield where her customers came from, the court sustained a relevance objection. This was proper because counsel's question involved details and transactions beyond the time frame charged in the indictment. Furthermore, the court agreed to let defense counsel ask whether Mayfield could identify customers that Shabani had allegedly supplied. This opportunity was apparently not pursued. The court had allowed defense counsel to cross-examine Mayfield about her plea agreements and prior inconsistent statements.

### 2. *Cross–Examination of Hatfield*

■ Hatfield pleaded guilty to separate drug trafficking charges and also testified as stated in a plea agreement. Among other things, she mentioned that Shabani was present on several occasions when she purchased

drugs. In cross-examination, defense counsel focused on Hatfield's incentive to have counts dismissed by cooperating with the prosecution.

The prosecutor objected on relevance grounds when defense counsel asked Hatfield about the amount of drugs she had sold. The court properly sustained the objection. Previous questions had established that Hatfield believed she could get a count dismissed by offering information against Shabani and that she had a motive to lie. Shabani does not explain what additional, critical information the question about drug quantity could have revealed.

### C. *Sentencing*

#### 1. *Offense Level*

 Shabani argues that his offense level should have been set by reference to the amount of drugs the government agents purchased during their undercover operations (approximately 715 grams). Instead of relying on this amount, the district court found that the overall conspiracy involved approximately five kilograms of cocaine. We review de novo an interpretation of the sentencing guidelines, with due deference to the district court's application of the guidelines to the facts. *United States v. Chavez–Gutierrez,* 961 F.2d 1476, 1479 (9th Cir.1992).

Commentary to the guidelines provides that "where . . . the amount seized does not reflect the scale of the offense, the sentencing judge shall approximate the quantity of the controlled substance. . . . [T]he judge may consider . . . similar transactions in controlled substances by the defendant." United States Sentencing Commission, *Guidelines Manual,* § 2D1.4, comment. (n. 2) (Nov. 1990). The court found implicitly that the amount seized did not reflect the scale of the conspiracy. It noted that the trial testimony pointed to at least three transactions in which Shabani had been the source of the drugs sold, with the amounts totalling about five kilograms. The court did not err in setting Shabani's base offense level.

#### 2. *Disparities with Codefendants' Sentences*

Shabani argues that because the purpose of the sentencing guidelines is to seek uniformity in sentencing, he should not have received a greater sentence than did his coconspirators. The record, however, contains ample explanation for the disparity in sentences. Shabani was the supplier of the drug organization, arranging to have the cocaine brought to Anchorage from California. His codefendants cooperated with the prosecution and testified pursuant to plea agreements. Because the disparity was not unwarranted, Shabani cannot base a challenge to his sentence solely on the lesser sentence given to his coconspirators. *United States v. Carpenter,* 914 F.2d 1131, 1136 (9th Cir. 1990).

### III

We conclude that the district court did not err in instructing the jury, restricting cross-examination or sentencing.

**AFFIRMED.**