62 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jennette Anne CAUSLEY, Defendant-Appellant.
 No. 94-50395.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 11, 1995.
Decided Aug. 2, 1995.
 
 Before: FARRIS AND O'SCANNLAIN, Circuit Judges, and TASHIMA, District Judge*.
 MEMORANDUM**
 Causley timely appeals her jury conviction for: (1) conspiracy to possess and distribute methamphetamine; (2) possession of methamphetamine; and (3) use of a firearm during the commission of a drug trafficking crime. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 I. Batson Claim
 Causley alleges discrimination in the jury selection process. We review for clear error. United States v. Vasquez-Lopez, 22 F.3d 900 (9th Cir.), cert. denied, 115 S.Ct. 239 (1994).
 The government exercised a preemptory challenge to strike the only African-American man on the panel. Causley, who is white, raised a Batson objection. The court directed the government to give its reasons for the strike. The prosecutor responded: "[I]t appears to me from the way he answered questions that he's either slow mentally or maybe on drugs. He didn't appear, from the way he was talking, the way he was responding, that he was (indiscernible)." The court agreed and denied the motion.
 Under Batson v. Kentucky, 476 U.S. 79 (1986), the burden shifts to the challenging party to demonstrate a race-neutral explanation for a peremptory strike upon establishment of a prima facie case of purposeful discrimination. See also United States v. De Gross, 960 F.2d 1433, 1442 (9th Cir.1992) (en banc).
 The district court agreed with the government's explanation for striking the juror: that the manner in which he answered voir dire questions suggested that he was not fit to serve. Because the transcripts reveal only the text of the juror's responses, and not the pace of delivery, deference to the district court is particularly appropriate. On this record, the district court's rejection of Causley's Batson claim cannot be deemed clearly erroneous.
 Causley also contends that the district court infringed her due process rights by denying her an adversarial Batson hearing. The argument has no merit. Upon the government offering a race-neutral explanation for a contested preemptory strike, the district court need only "determine if the defendant has established purposeful discrimination." Batson, 476 U.S. at 98; United States v. Bishop, 959 F.2d 820, 824 (9th Cir.1992). Following the government's explanation, the district court rejected Causley's Batson challenge. Nothing more was required.
 II. Entrapment
 Causley argues that the government failed to prove beyond a reasonable doubt that she was not entrapped. When reviewing a challenge to the sufficiency of the evidence, we must determine " 'whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 There are two elements to entrapment: (1) government inducement of a crime; (2) no predisposition on the part of the defendant. United States v. Davis, 36 F.3d 1424 (9th Cir.1994).
 Inducement must be provided by someone acting for the government. United States v. Becerra, 992 F.2d 960, 936 (9th Cir.1993). "Inducement can be any government conduct creating a substantial risk that an otherwise law-abiding citizen would commit an offense, including persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship." Davis, 36 F.3d at 1430.
 Causley contends that she was induced to sell drugs by Lowe's numerous telephone calls and repeated plays upon her sympathies and their friendship. The record fails to support Causley's contention.
 From the evidence presented at trial, a reasonable jury could properly find that Causley was not an otherwise law-abiding citizen. The surreptitiously recorded phone conversations played at trial are sufficient for a trier of fact to conclude that Causley was actively involved in drug trafficking.[1] Further, it is uncontroverted that she used methamphetamine. Disney testified that she sold drugs to Causley on several occasions prior to the offenses alleged in the indictment. She and her codefendants also had loaded firearms at the time of their arrests.
 The record fails to support Causley's argument that Lowe lured her into selling drugs by playing upon her sympathies. Instead, it reflects that Causley was eager to do business with undercover Agents Leininger and Lunsford. Causley emphasizes that several months elapsed between Lowe's initial inquiry regarding large-scale methamphetamine transactions and her arrest. The record reveals a reason for this delay. It was not Causley's hesitance to sell drugs, but the inability to agree on logistics. The proposed August 1993 sale was called off when Agent Leininger refused to meet Disney at a bar that he considered dangerous. The record contains ample evidence upon which a reasonable jury could conclude that Causley was not induced by Lowe to commit the charged offenses. Bishop, 959 F.2d at 829.
 Finding an absence of inducement, we need not examine predisposition; Causley's entrapment defense necessarily fails. United States v. Mkhsian, 5 F.3d 1306, 1309 (9th Cir.1993).
 III. Confrontation Clause
 At trial, Lowe was called by Causley. The government did not call him. The district court ruled that the defense could not question Lowe about: (1) drug use; (2) alleged misrepresentations made during Lowe's then-recent bankruptcy proceedings; and (3) facts concerning the bankruptcy proceeding and its alleged relationship to this case. Causley contends that the district court's ruling violated the Confrontation Clause.
 Restrictions on the scope of questioning are reviewed for abuse of discretion. United States v. Shabani, 48 F.3d 401, 403 (9th Cir.1995). "A restriction of [questioning] does not violate the Confrontation Clause unless it limits relevant testimony and prejudices the defendant." Id. No abuse of discretion occurs if the jury receives sufficient information to evaluate the witness' biases and motivations. Id.
 The government incorrectly argues that because Lowe was called by Causley, he was not a witness against her within the meaning of the Sixth Amendment. This argument was rejected in Chambers v. Mississippi, 410 U.S. 284, 297-98 (1973).
 Nevertheless, there was no Confrontation Clause violation. Lowe's drug use and events related to his bankruptcy was only marginally relevant at best. Unlike many informant cases, the government's case was not founded, even partially, on Lowe's credibility--he was not a government witness. Cf. United States v. Bernal-Obeso, 989 F.2d 331 (9th Cir.1993) (discussing importance of wide-ranging cross-examination where testimony of a confidential informant pivotal).
 The district court permitted Causley to extensively examine Lowe about potential bias and motive. Causley questioned him about: (1) cooperating with the DEA to find "big" methamphetamine dealers; (2) his understanding that assisting the government would result in a lower sentence than required by the mandatory minimum; (3) the fact that his cooperation resulted in a 57-month sentence rather than the 120-month mandatory minimum; and (4) his hope that his sentence would be further reduced as a result of assisting in Causley's indictment. The jury received information to enable it to appraise Lowe's biases and motives for testifying. Restricting inquires into his drug use and bankruptcy proceedings was not an abuse of discretion. Shabani, 48 F.3d at 403.
 IV. Government Misconduct
 Causley argues that the government violated her due process rights by engaging in two forms of misconduct: (1) conditioning Lowe's sentence reduction on his producing suppliers of multi-pound quantities of methamphetamine; and (2) intentionally obscuring during trial that Lowe was a government informant as of September 1992. We reject both contentions.
 Causley did not object to the alleged prosecutorial misconduct at trial. We therefore review for plain error. United States v. Baker, 10 F.3d 1374, 1415 (9th Cir.1993). Reversal for plain error is warranted "solely in those circumstances in which a miscarriage of justice would otherwise result." United States v. Young, 470 U.S. 1, 15 (1985).
 
 
 1
 Causley cites no authority for the proposition that conditioning a Rule 35 motion for reduction of sentence on producing convictions against large-scale drug dealers violates due process.[2] But even assuming arguendo that it could, the record belies Causley's charge. At trial, Lowe was adamant that the government had not guaranteed a reduction of his sentence if he cooperated. No evidence suggests that the government told Lowe that its reduction recommendations would be based on the number of convictions obtained with his assistance.
 
 
 2
 Causley's claim that the prosecutor distorted the fact-finding process by hiding that Lowe was a confidential informant before July 1993 is also without merit. The prosecutor informed Causley's counsel prior to trial that Lowe began cooperating with the government as of September 1992. Further, the question of whether Lowe was a confidential informant prior to July 1993 was inconsequential; the charged offenses occurred well after July 1993. Even if Causley's allegations were true, they would not establish prosecutorial misconduct so egregious as to constitute plain error.
 
 
 3
 Finally, Causley argues that the prosecutor acted improperly by permitting Lowe to assert his Fifth Amendment privilege against self incrimination in response to questions about his drug use and dealing. The government correctly points out, however, that it did not "permit" Lowe to assert his Fifth Amendment privilege. Rather, Lowe did so after conferring with his attorney. No prosecutorial misconduct occurred.
 
 V. Post-Arrest Statements
 
 4
 Causley contends that the district court erred in denying her motion to suppress statements made to Agent Mendonca three hours after her arrest. She argues that they were involuntary because Agent Mendonca told her that he would inform the prosecutor if she refused to talk. See United States v. Harrison, 34 F.3d 886, 890 (9th Cir.1994) ("threatening to inform the prosecutor of a suspect's refusal to cooperate violates her fifth amendment right to remain silent.") (internal quotation omitted)). We agree, but find the error harmless.
 
 
 5
 The admission of an involuntary statement is reviewed for harmless error. Harrison, 34 F.3d at 892 (citing Arizona v. Fulminante, 499 U.S. 279, 310-12 (1991). Because such an error is of constitutional magnitude, the government must demonstrate beyond a reasonable doubt that it did not contribute to the verdict. Id.
 
 
 6
 The only seriously contested issue at trial was whether Causley was entrapped. The post-arrest statements relevant to entrapment are Causley's acknowledgment that she had participated in drug deals for many years and her failure to mention Randy Lowe. Considerable record evidence demonstrates Causley's previous involvement in drug sales. This evidence includes Lora Disney's testimony and Causley's own tape-recorded statements. Causley's failure to mention that Lowe pressured her is also independently established by the record. The government has carried its burden. In light of all record evidence, the district court's error in admitting Causley's involuntary statements to Agent Mendonca was harmless.
 
 VI. Causley's "Preserved" Issues
 
 7
 At the close of her opening brief, Causley listed two issues that she "seeks to preserve for review ... which space constraints did not permit" her to brief. Because these issues are not supported by argument or citations to authority, they are waived. See Northwest Acceptance Corp. v. Lynnwood Equipment, 841 F.2d 918, 924 (9th Cir.1988).
 
 
 8
 AFFIRMED. The government's motion to file an overlength brief is granted. Causley's motion to strike portions of the government's Excerpts of Record is denied.
 
 
 
 *
 Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Causley told Agent Lunsford that she was concerned because Mexican gangs were attempting to eliminate competitors such as herself. On appeal, Causley dismisses such statements as mere "puffing." Whether these were "puffs" was, of course, a question of fact for the jury
 
 
 [2]
 Causley relies on United States v. Solorio, 37 F.3d 454 (9th Cir.1994), for the proposition that an informant's pay cannot be tied to the number of convictions obtained or quantity of drugs or assets seized. The Solorio opinion, however, was withdrawn. 52 F.3d 827