70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daryl Lynn HOOPER, Defendant-Appellant.
 No. 94-50381.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1995.*
Decided Nov. 17, 1995.
 
 Before: FARRIS, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daryl Lynn Hooper appeals the ninety-seven month prison sentence imposed by the district court. He pled guilty to conspiracy, in violation of 21 U.S.C. Sec. 846, to distribute in excess of 100 grams of methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1). Appellant was involved in a conspiracy that traded methamphetamine for ephedrine. He alleges that the district court erred in applying U.S.S.G. Sec. 2D1.1, instead of U.S.S.G. Sec. 2D1.11. He timely appeals.
 
 
 3
 The district court's interpretation and application of the Sentencing Guidelines are reviewed de novo. United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir.1994). This court gives "due deference to the district court's application of the guidelines to the facts." United States v. Shabani, 48 F.3d 401, 404 (9th Cir.1995).
 
 
 4
 Appendix A of the Sentencing Guidelines lists as applicable guidelines for a violation of 21 U.S.C. Sec. 846, a plethora of guideline sections. However, in the case of a conspiracy, the court should apply the appropriate guideline for the underlying offense of the conspiracy. See United States v. Myers, 993 F.2d 713, 716 (9th Cir.1993) (applying guideline applicable to underlying offense of conspiracy). In this case, the underlying offense of the conspiracy is distributing methamphetamine, in violation of 21 U.S.C. 841(a)(1). Appendix A lists U.S.S.G. Sec. 2D1.1, the controlled substance guideline, as the applicable guideline for a violation of 21 U.S.C. Sec. 841(a).
 
 
 5
 Application note 12 of Sec. 2D1.1 provides: "[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." Sec. 2D1.1 n. 12. We have upheld approximations by district courts concerning the amount of methamphetamine that a particular precursor chemical is capable of producing. See, e.g., United States v. Aichele, 941 F.2d 761, 766-67 (9th Cir.1991), denial of post-conviction relief aff'd, 60 F.3d 835 (9th Cir.1995).
 
 
 6
 In this case, the district court and the probation officer followed the directive of application note 12 and approximated the amount of methamphetamine that the ephedrine could yield. The probation officer stated that according to the DEA laboratory analyst, one pound of ephedrine would equal approximately 2/3 pound of finished methamphetamine.
 
 
 7
 Hooper urges this Court to use the grouping rules of U.S.S.G. Sec. 3D1. Hooper points to application note 3 to Sec. 2D1.11 that provides when a defendant is convicted of both an offense involving a listed chemical, and a related offense involving a controlled substance under Sec. 2D1.1, the appropriate procedure is to determine the offense level under each guideline separately and then to group the counts pursuant to the grouping rules of Sec. 3D1. However, in this case there is only a single offense. Hooper pled guilty to the offense of conspiracy to distribute methamphetamine, not to possession of a listed precursor chemical. U.S.S.G. Sec. 2D1.1 is the applicable guideline section, not U.S.S.G. Sec. 2D1.11. Consequently, the grouping rules of U.S.S.G. Sec. 3D1 do not apply.
 
 
 8
 To avoid double counting the ephedrine, the district court did not include the methamphetamine quantities from three of the four transactions and instead counted the approximated methamphetamine quantities from the ephedrine. The district court considered the ephedrine to be part of the offense conduct and did not err in adopting the presentence report's conversion ratio to calculate the amount of methamphetamine that the ephedrine would produce and then applying U.S.S.G. Sec. 2D1.1.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3