79 F.3d 1154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dinah HOLT, Defendant-Appellant.
 No. 95-30063.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1996.*
Decided March 13, 1996.
 
 Before: FLETCHER, NOONAN, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dinah Holt appeals the sentence imposed under the Sentencing Guidelines following her guilty plea to bank robbery in violation of 18 U.S.C. § 2113(a), on the grounds that (1) the district court erred in its calculation of her criminal history category; (2) the district court should have downward departed to prevent a disparity between her sentence and that of her codefendant; and (3) the district court erred in imposing a five-point enhancement for possession of a firearm. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because we agree that the district court erred in calculating Holt's criminal history category, we VACATE the sentence and REMAND for resentencing.
 
 
 3
 * Holt contends that the district court erred incalculating her criminal history category. We agree.
 
 
 4
 The district court added a point to Holt's criminal history category on the basis of her nolo contendere plea to negligent driving. Under U.S.S.G. § 4A1.2(c)(1), the court must count a sentence for careless driving or "offenses similar to [it], by whatever name they are known." U.S.S.G. § 4A1.2(c)(1). The district court properly concluded that negligent driving is similar to careless driving, although known by a different name.[1]
 
 
 5
 But § 4A1.2(c)(1) also provides that such an offense shall be counted only if "(A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." U.S.S.G. § 4A1.2(c)(1). Holt's conviction did not include, and could not have included, either a term of probation or a term of imprisonment. Negligent driving is an infraction. Alaska Stat. § 28.35.045(c). As such, it is "not considered a criminal offense and may not result in imprisonment...." Alaska Stat. § 28.40.050(d). Alaska allows for probation only for crimes. Alaska Stat. § 12.55.090(a). Since negligent driving is not a criminal offense, probation is not available. Adding a point to Holt's criminal history on the basis of her negligent driving offense was error.
 
 
 6
 For the same reason, the district court erred in adding two points under § 4A1.1(d), which provides that two points shall be added "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d). Since Holt was not on probation when she participated in the bank robbery, the addition of two points was error.
 
 II
 
 7
 Holt next contends that the district court should have given her a downward departure in order to avoid a disparity between her sentence and the shorter sentence given to her codefendant. This argument fails because "a disparity in sentencing among co-defendants is not, by itself, a sufficient ground for attacking an otherwise proper sentence under the guidelines." United States v. Hoy, 932 F.2d 1343, 1345 (9th Cir.1991) (citing United States v. Carpenter, 914 F.2d 1131, 1135-36 (9th Cir.1990)). In United States v. Shabani, 48 F.3d 401 (9th Cir.1995), we upheld a district court's refusal to remedy a disparity in the sentences of codefendants because the record contained "ample explanation for the disparity in sentences.... [The codefendants] cooperated with the prosecution and testified pursuant to plea agreements." Id. at 404. The same is true here. Matthews cooperated early and agreed to testify for the government.
 
 
 8
 Holt's reliance on United States v. Boshell, 952 F.2d 1101 (9th Cir.1991), and United States v. Ray, 930 F.2d 1368 (9th Cir.1990), cert. denied, 498 U.S. 1124 (1991), is unavailing. Although those cases upheld downward departures intended to lessen sentence disparities, they did so in a unique context--in each case, the defendant was sentenced according to the Sentencing Guidelines while his codefendants were sentenced according to pre-guideline standards. See Boshell, 952 F.2d at 1103-04; Ray, 930 F.2d at 1372. As the court explained in Ray, "[w]e do not hold that the desire to equalize punishment among codefendants who are all sentenced under the Guidelines is a permissible concern." Id. at 1372, n. 7.
 
 III
 
 9
 Finally, Holt contends that the district court erred in imposing a five-point enhancement for possession of a firearm because her codefendant, not Holt, actually possessed the gun. As part of her plea agreement, Holt agreed to the enhancement. Although Holt later filed a written objection to the enhancement, at the sentencing hearing Holt's counsel withdrew the objection, acknowledging that "the computation to include the firearms is appropriate under what Ms. Holt had agreed to in her plea agreement." Where, as here, the defendant withdraws her objection to the presentence report at sentencing, the issue is waived for purposes of appeal. United States v. Manarite, 44 F.3d 1407, 1419 n. 18 (9th Cir.), cert. denied 115 S.Ct. 2610, and cert. denied, 116 S.Ct. 148 (1995). We therefore decline to reach the merits of this claim.
 
 
 10
 VACATED and REMANDED for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Alaska defines a negligent driver as one who "drives a motor vehicle in the state in a manner that creates an unjustifiable risk of harm to a person or to property and who, as a result of the creation of the risk, actually endangers a person or property." Alaska Stat. § 28.35.045(a)