87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Hosep Krikor BAJAKAJIAN, aka: Joe Bajakajian, Defendant-Appellee.
 No. 95-50094.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1996.
Opinion May 20, 1996.
Decided June 13, 1996.
 
 Before: WALLACE, Chief Judge, FERGUSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United States appeals the sentencing decision of the district court following the defendant's guilty plea to failure to report currency in excess of $10,000, in violation of 31 U.S.C. § 5316(a)(1)(A). Specifically, the United States appeals: 1) the district court's calculation of the defendant's base offense level; 2) the district court's decision not to enhance the district court's decision to require forfeiture of only $15,000 of the $357,144 seized. This memorandum disposition addresses the two sentencing issues. The issue of forfeiture is resolved in a separate published opinion.
 
 
 3
 The district court's interpretation and application of the Sentencing Guidelines is reviewed de novo. United States v. Basinger, 60 F.3d 1400, 1409 (9th Cir.1995). This court gives "due deference to the district court's application of the guidelines to the facts." United States v. Shabani, 48 F.3d 401, 404 (9th Cir.1995). A district court's findings of fact in the sentencing phase are reviewed for clear error. United States v. Basinger, 60 F.3d 1400, 1409 (9th Cir.1995).
 
 
 4
 This court reviews de novo the district court's legal conclusion that a defendant's conduct did not constitute obstruction of justice within the meaning of Sentencing Guidelines section 3C1.1. United States v. Acuna, 9 F.3d 1442, 1444 (9th Cir.1993). Factual determinations made in the application of U.S.S.G. § 3C1.1 are reviewed for clear error. Id.
 
 
 5
 I. Calculation of the Defendant's Base Offense Level
 
 
 6
 Bajakajian was sentenced for failure to report currency in violation of 31 U.S.C. § 5316. He was sentenced pursuant to Sentencing Guideline § 2S1.3 entitled, "Structuring Transactions to Evade Reporting Requirements; Failure to Report Cash or Monetary Transactions; Failure to File Currency and Monetary Instrument Report; Knowingly Filing False Reports." Sentencing Guideline § 2S1.3 provides in pertinent part:
 
 
 7
 (a) Base Offense Level: 6 plus the number of offense levels from the table in § 2F1.1 (Fraud and Deceit) corresponding to the value of the funds.
 
 
 8
 (b) Specific Offense Characteristics:
 
 
 9
 (1) If the defendant knew or believed that the funds were proceeds of unlawful activity, or were intended to promote unlawful activity, increase by 2 levels.
 
 
 10
 (2) If (A) subsection (b)(1) does not apply; (B) the defendant did not act with reckless disregard of the source of the funds; (C) the funds were the proceeds of lawful activity; and (D) the funds were to be used for a lawful purpose, decrease the offense level to level 6.
 
 
 11
 The district court calculated Bajakajian's offense level as follows: the court began with a base offense level of 15, pursuant to U.S.S.G. § 2S1.3(a), and then reduced the offense level to 6, pursuant to U.S.S.G. § 2S1.3(b)(2). The district court reduced the defendant's base offense level pursuant to U.S.S.G. § 2S1.3(b)(2) because it found that: (1) Bajakajian did not act recklessly with respect to the source of the currency; (2) the source of the currency was lawful; and (3) the currency was to be used for a lawful purpose. These factual findings made by the district court were not clearly erroneous. Therefore, the decision of the district court to reduce Bajakajian's base offense level pursuant to U.S.S.G. § 2S1.3(b) is affirmed.
 
 II. Obstruction of Justice
 
 12
 The government argues that the district court erred in declining to enhance Bajakajian's offense level for obstruction of justice. According to the government, Bajakajian should have received an obstruction of justice enhancement because he made a number of false statements to Customs agents during their investigation.
 
 
 13
 The enhancement for obstruction of justice is codified at U.S.S.G. § 3C1.1, and provides, "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels."
 
 
 14
 The district court's decision not to enhance the defendant's offense level for obstruction of justice should be affirmed because the issue is moot. A two point enhancement for obstruction of justice would have no effect upon Bajakajian's sentence.
 
 III. Conclusion
 
 15
 The district court's calculation of the defendant's base offense level and its decision not to increase the defendant's sentence for obstruction of justice is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3