91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ray SABBAGHI aka John Claude, Defendant-Appellant.
 No. 95-30160.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1996.
Decided June 28, 1996.
 
 1
 Before: BROWNING and CANBY, Circuit Judges, and REA,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant Ray A. Sabbaghi appeals his sentence imposed for his conviction on one count of interstate transfer of funds obtained by fraud in violation of 18 U.S.C. § 2314. Sabbaghi disputes two two-point increases in his offense level pursuant to U.S.S.G. §§ 3A1.1 and 3B1.3 for perpetrating a crime against a vulnerable victim and for abusing a position of trust. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm.
 
 I.
 
 4
 We will not repeat the facts here because the parties are familiar with them.
 
 
 5
 We review de novo the district court's interpretation of Guideline adjustments for vulnerable victim and abuse of position of trust. See United States v. Peters, 962 F.2d 1410, 1415 (9th Cir.1992) (victim-related adjustments); United States v. Hill, 915 F.2d 502, 505 (9th Cir.1990) (position of trust). In so doing, we give "due deference to the district court's application of the guidelines to the facts." United States v. Shabani, 48 F.3d 401, 404 (9th Cir.1995). We review for clear error the factual finding of vulnerability. United States v. France, 57 F.3d 865, 868 (9th Cir.1995).
 
 II.
 
 6
 The Guidelines state that a defendant's offense level is increased by two "[i]f the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1. Application Note 1 states that the adjustment applies "where an unusually vulnerable victim is made a target of criminal activity by the defendant."
 
 
 7
 The district court found that Ms. Lyon was an unusually vulnerable victim because she was an elderly, wealthy widow who wanted bonds that would mature by 1996, and that "[a]ll of these facts put her in a position of being more vulnerable to the type of fraud that was conducted by this defendant." The district court did not err. Ms. Lyon was 92 years old at Sabbaghi's first contact with her, she needed quick-maturing bonds, and her widowhood contributed to the likelihood of her isolation from ready advice. Sabbaghi targeted her because he thought these characteristics rendered her unusually susceptible to his fraud. This type of targeting qualifies for the two-level upward adjustment. United States v. Peters, 962 F.2d at 1417-18 (9th Cir.1992). The fact that Ms. Lyons was intelligent and knowledgeable at age 92 does not detract from the fact that her age and need for short-term bonds made her especially susceptible to Sabbaghi's fraud. See id. at 1417. The upward adjustment was proper.
 
 III.
 
 8
 The Guidelines state that a defendant's offense level is increased by two "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. Application Note 1 states that a "private trust" is "characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference)." A position of trust contributes to the commission of the offense if it makes detection of the offense more difficult. U.S.S.G. § 3B1.3, comment. (n. 1); see also United States v. Hill, 915 F.2d 502, 506 (9th Cir.1990) (position of trust "provides the freedom to commit a difficult-to-detect wrong").
 
 
 9
 At the sentencing hearing, the district court found:
 
 
 10
 [T]here are two indicia of a position of trust. And they are the ability of the trustor objectively and expeditiously to determine the trustee's honesty, and the ease with which the trustee's acts can be observed.
 
 
 11
 In this case, Ms. Lyon could not objectively and expeditiously determine the defendant's honesty and the defendant's activities could not be readily observed....
 
 
 12
 It's the Court's view that ... if a person is a financial consultant, stockbroker or someone who holds themself [sic] as someone who is licensed to buy and sell stocks for someone, I believe that is a trust position that would generate the two point adjustment.
 
 
 13
 These reasons were sufficient to support a finding that Sabbaghi occupied a position of trust. An upward adjustment under § 3B1.2 was appropriate because Sabbaghi's representation to Ms. Lyon that he was a licensed expert significantly facilitated the commission and concealment of his fraud, which continued for two years undetected.
 
 
 14
 Sabagghi argues that he could not be found to have abused a position of trust because he was not a licensed dealer; he only represented that he was. But our precedent does not require licensure for a position of trust; "if one party is able to take criminal advantage of the relationship without fear of ready or quick notice by the second party, the second party has clearly placed a level of trust in the first." United States v. Hill, 915 F.2d at 506. Moreover, the position of trust is "established from the perspective of the victim." Id. at n. 3. Sabagghi represented that he was a stockbroker or one qualified to buy and sell bonds; he created the appearance of being connected with a seemingly legitimate company, Manhattan Capital. He had a phone number and stationery in the name of the company. He had Ms. Lyon send the checks made payable to Manhattan Capital. By these activities, he created and exploited a relationship of trust as defined in Hill.
 
 CONCLUSION
 
 15
 The district court properly applied U.S.S.G. §§ 3A1.1 and 3B1.3 to this case. Sabbaghi's sentence is
 
 
 16
 AFFIRMED.
 
 
 
 *
 The Honorable William J. Rea, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3