133 F.3d 931
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Michelle Marie WELLS, Defendant-Appellant.
 No. 97-10012.
 United States Court of Appeals, Ninth Circuit.
 Submitted December 15, 1997**
Decided Dec. 19, 1997.
 
 1
 SNEED, LEAVY, and TROTT Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 Michelle Marie Wells appeals, her jury conviction for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 A. Admission of Pre-Miranda Statements
 
 4
 Wells contends that the district court erred in admitting Wells's statements to drug enforcement agent Batista after she was arrested but before she received warnings pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). Her contention lacks merit.
 
 
 5
 We review for abuse of discretion the trial court's decision to admit or exclude evidence. See United States v. Collicot, 92 F.3d 973, 978 (9th Cir.1996). The trial transcript does not support Wells's claim. The district court explicitly ruled that Batiste could not testify as to Wells's pre-Miranda statements to him. Because no pre-Miranda statements were admitted, the district court did not abuse its discretion in denying Wells's motion for reconsideration of the order denying her motion to suppress Batista's testimony concerning Wells's pre-Miranda statements. See United States v. Buffington, 815 F.2d 1292, 1298 (9th Cir.1987) (reviewing reconsideration of suppression order for abuse of discretion).
 
 B. Variance
 
 6
 Wells contends that there was variance between the conspiracy charged in the indictment and the proof at trial. Specifically, Wells contends that whereas the indictment charged her with a conspiracy lasting from April 5, 1995, until July 14, 1995, the proof at trial only showed acts occurring on July 14, 1995. Wells further argues that the district court should have sua sponte given a multiple conspiracy instruction to the jury.
 
 
 7
 Because Wells preserved the variance issue by moving for acquittal on this basis, we review de novo. See United States v. Riggins. 40 F.3d 1055, 1057 (9th Cir.1994); see also United States v. Shabani, 48 F.3d 401, 403 (9th Cir.1995). "In determining whether there was such variance, we view the evidence in the light most favorable to the prosecution to see whether any rational juror could have found a single conspiracy beyond a reasonable doubt." Shabani, 48 F.3d at 403.
 
 
 8
 Here, viewing the evidence in the light most, favorable to the prosecution, the jury could have reasonably found a single conspiracy between Wells and her husband Jones for the sale of cocaine to an informant. See id. ("One overall agreement" indicates a. single conspiracy) Any error as to the exact stating date of the conspiracy is not reversible error because time is not an element of the crime of distributing cocaine. See States v. Ramos-Oseguera, 120 F.3d 1028, 1035 (9th Cir.1997) ("A variance as to a starting date does not constitute reversible error unless time is a material element of the charged offense."). Moreover, because the evidence did not show the existence of multiple conspiracies, the district court did not err by failing to sua sponte instruct the jury on multiple conspiracies. See Shabani, 48 F.3d at 403.
 
 C. Prosecutorial Misconduct
 
 9
 Next Wells contends that the district court erred in denying her motion to dismiss for prosecutorial misconduct. Wells contends that the prosecutor breached their oral agreement to dismiss the charges against Wells in exchange for her proffer of information. The government contends that no such oral agreement was made.
 
 
 10
 At the hearing on Wells's motion to dismiss, the defense counsel and the prosecution gave conflicting testimony as to the existence of an oral agreement. The district court found that there was no evidence of unfairness or overreaching. In view of the evidence, the district court's findings were not clearly erroneous and it did not err in denying the motion to dismiss. See United States v. Helmandollar, 852 F.2d 498, 501 (9th Cir.1988) (stating that the district court is best suited to assess credibility of witnesses) D. Evidentiary Errors
 
 
 11
 Wells contends that the district court abused its discretion by admitting hearsay statements and her prior bad act of selling marijuana. This contention lacks merit.
 
 
 12
 The statements of which Wells complains are not hearsay because they were not admitted for the truth of the matter asserted. See Fed.R.Evid. 801(c) Furthermore, the district court properly admitted evidence of Wells's prior bad act to show intent or her predisposition to distribute drugs, which was relevant to counter her entrapmert defense. See United States v. Simtob, 901 F.2d 799, 807 (9th Cir.1990); United States v. Lopez-Martinez, 725 F.2d 471, 477 (9th Cir.1984). Accordingly, the district court did not abuse its discretion in its evidentiary rulings See Collicot, 92 F.3d at 978.
 
 E. Lesser-included Offense Instruction
 
 13
 Wells contends that the district court's refusal to give a lesser included offense instruction as to count III, for which Wells was acquitted, prejudiced her by causing the jury to find her guilty on count I. We reject this contention because the instruction of which Wells complains was in no way related to the conduct alleged in count I. Wells's argument is based wholly on conjecture, and finds no support in the record. See United States v. Espinosa, 827 F.2d 604, 614 (9th Cir.1987) (reviewing to determine whether the instruction is misleading or states the law incorrectly to the prejudice of the objecting party)
 
 
 14
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds that his case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Wells's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3