**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ramiro CRUZ–CANSECO,**
**Defendant—Appellant.**

**Nos. 03–50412, 03–50486.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 2004.

Decided Dec. 21, 2004.

---

5. *United States v. Hermanek,* 289 F.3d 1076, 1097 (9th Cir.2002).

United States Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee. John C. Lemon, FPD, Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: REINHARDT, KOZINSKI and CLIFTON, Circuit Judges.

## MEMORANDUM *

■ 1. Cruz–Canseco was arrested on U.S. territory, and the prosecution presented evidence that the secondary fence did not prevent him from going at large within the country. Agent Maldonado testified that the general population can and

does use the area between the fences for jogging and bicycling, E.R. 113, and that he had seen people run through gaps in the secondary fence, E.R. 146, and scale the fence by climbing its poles or a manmade ladder, E.R. 111.

The jury was properly instructed that being "effectively deprived of [one's] liberty and prevented from going at large within the United States," E.R. 303, constitutes official restraint. *See United States v. Pacheco–Medina,* 212 F.3d 1162, 1164 (9th Cir.2000) (quoting *Ex parte Chow Chok,* 161 F. 627, 630 (C.C.N.D.N.Y.), *aff'd,* 163 F. 1021 (2d Cir.1908)). The jury was entitled to find that Cruz–Canseco was not under physical restraint or constant surveillance, and thus to conclude that he was not under "official restraint" and had therefore "entered," and was "found in," the United States for purposes of 8 U.S.C. § 1326.

■ 2. The district court did not abuse its discretion under Fed.R.Evid. 403 in precluding Cruz–Canseco from cross-examining Agent Ramirez regarding his grand jury testimony, because the excluded evidence did not have substantial probative value. Nor did the exclusion of this testimony violate the Confrontation Clause, since it did not prejudice Cruz–Canseco. *See United States v. Shabani,* 48 F.3d 401, 403 (9th Cir.1995).

■ 3. The district court also did not abuse its discretion in allowing the government to present Cruz–Canseco's fingerprint card and documents from his alien file. This other acts evidence was admissible under Fed.R.Evid. 404(b), since it tended to prove more than mere propensity, *see United States v. Castillo,* 181 F.3d 1129, 1134 (9th Cir.1999), and its probative

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by Ninth Circuit Rule 36–3.

value was not substantially outweighed by the danger of unfair prejudice, *see* Fed. R.Evid. 403.

4. Agent Maldonado's testimony about the location of the border, which was lay opinion testimony, not hearsay or expert opinion testimony, was properly admitted. *See* Fed.R.Evid. 701.

5. Because Cruz–Canseco was properly convicted, the court did not err in revoking his supervised release from his previous illegal reentry.

AFFIRMED.