**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Vincent JACKSON, Defendant—
Appellant.**

No. 04–10154.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 20, 2005.

Decided Nov. 23, 2005.

Robert M. Twiss, Esq., Phillip A. Talbert, Esq., Office of the U.S. Attorney, Sacramento, CA, for Plaintiff—Appellee.

John P. Balazs, Esq., Sacramento, CA, for Defendant—Appellant.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM *

Vincent Jackson appeals from a guilty verdict following a criminal jury trial in district court. Jackson was found guilty of, *inter alia,* conspiring to possess methamphetamine with intent to distribute and possession of methamphetamine with intent to distribute.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Jackson alleges the district court erred by permitting the government to introduce testimony regarding two stabbings, allegedly committed by Jackson, in furtherance of the conspiracy. The district court did not abuse its discretion by admitting such evidence under Rules 401 and 402 as direct evidence of the manner and means of the conspiracy, after conducting a Rule 403 balancing test, *see United States v. Patterson*, 819 F.2d 1495, 1505 (9th Cir.1987), and did not plainly err in admitting such evidence under Rule 404(b).[1]

■ Next, Jackson challenges the district court's denial of his Federal Rule of Criminal Procedure 29 motion for a judgment of acquittal on the conspiracy charge on the ground that the evidence was insufficient to sustain the single conspiracy charged in count one. The question of whether a single conspiracy, rather than multiple conspiracies, has been proven is a question of sufficiency of the evidence. *See United States v. Bauer*, 84 F.3d 1549, 1560 (9th Cir.1996). Here, the prosecution presented evidence that the conspiracy lasted more than ten years, that it involved many co-conspirators in different roles, and that Jackson's co-conspirators willfully participated in the illegal objective of dealing methamphetamine. The prosecution also presented evidence that Jackson and his co-conspirators operated in both Sacramento and the Bay Area and that Jackson, as well as at least two of his co-conspirators, traveled between Sacramento and the Bay Area in furtherance of the conspiracy. Therefore, the district court correctly determined that a rational juror could have found the charged single conspiracy to exist beyond a reasonable doubt, *see United States v. Shabani*, 48 F.3d 401, 403 (9th

Cir.1995), and properly denied Jackson's Rule 29 motion.

■ As Jackson preserved his Sixth Amendment challenge to the calculation of the sentencing range based on a quantity of methamphetamine determined by the sentencing judge, rather than a jury, he is entitled to a new sentencing hearing under *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

We therefore AFFIRM the conviction, VACATE the sentence imposed by the district court, and REMAND for resentencing consistent with *Booker.*

---

1. Although Jackson asserts on appeal to this court that this evidence is inadmissible under Federal Rule of Evidence 404(b), Jackson never objected to the evidence on this basis at the district court. Therefore, we review for plain

---

error. *See United States v. Matthews,* 240 F.3d 806 (9th Cir.2000).

