**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Juan LOPEZ, aka Juan Lopez–Aranda,**
**Defendant—Appellant.**

No. 06–50284.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 27, 2007.

Filed Nov. 19, 2007.

**3.** 8 U.S.C. § 1231(b)(3).

**4.** 8 C.F.R. § 1208.16(c)(2).

Becky S. Walker, Esq., John E. Lee, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Myra Mossman, Santa Barbara, CA, for Defendant–Appellant.

Before: WALLACE, T.G. NELSON, and IKUTA, Circuit Judges.

MEMORANDUM *

Juan Lopez appeals from his conviction and sentence for harboring aliens in violation of 8 U.S.C. 1324(a)(1)(A)(iii), and conspiracy in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Lopez argues that the district court erred when it redacted his indictment to remove reference to commercial advantage and private financial gain. Even assuming this argument was not waived, Lopez has failed to demonstrate plain error on the part of the district court. Clearly, the court's redaction did not violate the Fifth Amendment because it did not *broaden* the charges against Lopez; if anything, it narrowed them. *See United States v. Miller*, 471 U.S. 130, 138–45, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985) (holding that a court may amend an indictment, so long as the scope of the remaining charges is narrower than before). In addition, that the indictment did not specifically charge Lopez with aiding and abetting was not an error, since "a defendant can be convicted as an aider and abettor... even if the indictment does not specifically charge him with aiding and abetting." *United States v. Johnson*, 132 F.3d 1279, 1285 (9th Cir. 1997).

■ Lopez also contends that by initially charging him under 8 U.S.C. § 1324(a)(1)(B)(i), the government was able to introduce "voluminous evidence regarding financial gain that was irrelevant and highly prejudicial." In addition to the redacted charge, however, Lopez was also charged with conspiracy under 8 U.S.C. § 1324(a)(1)(A)(v)(I). His indictment on this count included specific allegations that he arranged for delivery of smuggled aliens, "in exchange for payment of a smuggling fee" and that he transported aliens "to Western Union stations to retrieve their smuggling fees." Lopez has pointed to no specific evidence that would have been allowed to prove his guilt under section 1324(a)(1)(B)(i), but would not have been admissible to prove the conspiracy charge under section 1324(a)(1)(A)(v)(I). Therefore, he has failed to demonstrate the prejudice necessary for plain error.

*See United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) ("It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice").

■ Lopez also asserts that the jury instructions relating to aiding and abetting liability misstated an element of the offense. Even if we assume the district court erred when it gave the aiding and abetting instruction, Lopez has not shown that such error was plain, that it affected substantial rights, or that it "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Tirouda*, 394 F.3d 683, 688 (9th Cir.2005) (quotation marks and citation omitted).

■■ Lopez also argues that the district court erred by denying his motion for acquittal. Viewed in a light most favorable to the government, a rational trier of fact could have found the substantial elements of this crime beyond a reasonable doubt. *See United States v. Neill*, 166 F.3d 943, 948 (9th Cir.1999), *cert. denied*, 526 U.S. 1153, 119 S.Ct. 2037, 143 L.Ed.2d 1046 (1999). Further, there was no clear error in the court's admission of the agents' testimony concerning "illegal alien smuggling operations." *See United States v. Figueroa–Lopez*, 125 F.3d 1241, 1244–47 (9th Cir.1997).

■■ Finally, Lopez contends that his sentence was unreasonable, because his co-defendant received a lighter sentence. Lopez has not demonstrated that any such disparity was "unwarranted," given the different evidence underlying each conviction, Lopez's past criminal history, and his co-defendant's decision to plead guilty. *See United States v. Shabani*, 48 F.3d 401, 404 (9th Cir.1995) ("Because the disparity was not unwarranted, [defendant] cannot base a challenge to his sentence solely on

the lesser sentence given to his coconspirators"). Lopez has likewise failed to demonstrate that his sentence was rendered unreasonable by the government's decision not to indict individuals with lesser degrees of involvement in the conspiracy.

**AFFIRMED.**