**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gary McKELVEY, Defendant–Appellant.**

No. 07–10291.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 3, 2008.

Robert L. Ellman, Esq., Kimberly M. Frayn, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lisa A. Rasmussen, Esq., Watt, Tieder, Hoffar & Fitzgerald, LLP, Las Vegas, NV, for Defendant–Appellant.

Before: THOMAS, W. FLETCHER and CLIFTON, Circuit Judges.

MEMORANDUM **

Gary McKelvey appeals from the 33–month sentence imposed following his guilty-plea conviction for conspiracy, possession of device-making equipment and aiding and abetting, possession of 15 or more fraudulent access devices and possession of document-making implements, all in violation of 18 U.S.C. §§ 2, 371, 1028(a)(5) and 1029(a)(3), (4). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

McKelvey contends that the district court erred by imposing a ten-level enhancement for the amount of loss and a two-level enhancement for the number of victims because it relied on conduct which occurred after McKelvey allegedly withdrew from the conspiracy. We conclude that the district court did not err by determining that the amount of loss and number of victims were attributable to the conspiracy and were reasonably foreseeable. See United States v. Riley, 335 F.3d 919, 925 (9th Cir.2003); United States v. Melchor-Zaragoza, 351 F.3d 925, 929 (9th Cir.2003); United States v. Peyton, 353 F.3d 1080, 1089–90 (9th Cir.2003).

McKelvey further contends that his sentence is unreasonable because it is disproportionately longer than the sentences im- posed on his co-defendants. The record reflects that the district court gave careful consideration to the 18 U.S.C. § 3553(a) sentencing factors, including the need to avoid unwarranted sentencing disparities, before imposing sentence. See 18 U.S.C. § 3553(a)(6). McKelvey has not demonstrated that any disparity was unwarranted, especially given his co-defendants' decisions to enter a group plea agreement. See United States v. Shabani, 48 F.3d 401, 404 (9th Cir.1995). We conclude that there was no procedural error and that the sentence is substantively reasonable. See United States v. Carty, 520 F.3d 984, 995–96 (9th Cir.2008) (en banc).

The government's motion to strike portions of McKelvey's excerpts of record is denied.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.