**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50574 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00578-JFW-3 |
| v. | |
| HORACIO YEPIZ, AKA Little Horse, AKA Alberto Rodriguez, AKA Seal C, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted November 16, 2011
Pasadena, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and MILLS, Senior
District Judge.[**]

Appellant Horacio Yepiz (Yepiz) challenges his convictions for

racketeering, violence in aid of a racketeering enterprise, and conspiracy to

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Richard Mills, Senior U.S. District Judge for the
Central District of Illinois, sitting by designation.

distribute cocaine. Yepiz maintains that the district court erred in excluding the testimony of Yepiz's mental health expert, and in admitting, as a prior consistent statement, the testimony of the murder victim's mother that she was told that Yepiz committed the murder. Yepiz also asserts that there was insufficient evidence to support his conviction for conspiracy to distribute cocaine, as the government failed to sufficiently prove the single conspiracy alleged in the indictment. We have jurisdiction and affirm the convictions.[1]

1.　The district court did not abuse its discretion in excluding Yepiz's proffered expert testimony because Yepiz "did not sufficiently show how [the expert's] testimony would have applied to the facts of his case. . . ." *United States v. Redlightning*, 624 F.3d 1090, 1111 (9th Cir. 2010); *see also United States v. Scholl*, 166 F.3d 964, 971 (9th Cir. 1999), *as amended*. In any event, even if the district court erred in excluding the expert's testimony, "it is more probable than not that the error did not materially affect the verdict" in light of the strong evidence against Yepiz. *United States v. Laurienti*, 611 F.3d 530, 549 (9th Cir. 2010) (citation omitted).

---

[1] Yepiz's challenge to the jury selection process is addressed in an opinion filed contemporaneously with this disposition.

Alternatively, the district court properly held that the expert's testimony was excludable because its probative value was "outweighed by a danger of . . . unfair prejudice, confusion of the issues, [or] misleading the jury . . ." Fed. R. Evid. 403; *see also United States v. Ramirez-Robles*, 386 F.3d 1234, 1245 (9th Cir. 2004).

**2.**     The district court did not plainly err in permitting a witness to testify regarding the prior consistent statement of a cooperating witness who had been impeached based on his plea agreement and cooperation with the government. *See United States v. Washington*, 462 F.3d 1124, 1135 (9th Cir. 2006).

In any event, any error was harmless as the prior consistent statement had already been mentioned to the jury prior to the testimony at issue, and the statement was cumulative of another witness' testimony. *See United States v. Beltran*, 165 F.3d 1266, 1270 (9th Cir. 1999), *as amended* (holding that "even if the admission of the prior consistent statements was error, considering that at least one of the statements was already mentioned in front of the jury by Appellant's counsel, the error was harmless.").

**3.**     There was sufficient evidence to support Yepiz's conviction for the single narcotics conspiracy alleged in the indictment, as the government sufficiently

3

demonstrated that Yepiz "was involved in a broad project to distribute cocaine and that his benefit depended on the success of the operation." *United States v. Shabani*, 48 F.3d 401, 403 (9th Cir. 1995), *as amended* (citation omitted).

4.      The district court did not plainly err in failing to provide a multiple conspiracies instruction as the government sufficiently demonstrated that Yepiz was involved in the single conspiracy alleged in the indictment. *See United States v. Mincoff*, 574 F.3d 1186, 1196 (9th Cir. 2009).

5.      Yepiz waived any challenge to a statute of limitations instruction under the invited error doctrine by informing the district court that, for strategic reasons, the instruction was not required. *See Laurienti*, 611 F.3d at 544-45.

6.      Yepiz waived any challenge to the sufficiency of the evidence premised on the statute of limitations by failing to raise a statute of limitations defense during his trial. *See United States v. Hickey*, 580 F.3d 922, 928 n.1 (9th Cir. 2009) ("The statute of limitations is an affirmative defense that is waived if it is not raised at trial, so [Yepiz] forfeited this argument.") (citation omitted).  In any event, the

government sufficiently demonstrated that Yepiz was involved in narcotics trafficking within the statute of limitations period.

**AFFIRMED.**