110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando Lopez LANDIVAR, aka Carlos, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Teofilo TAVIZON, aka The Engineer, Defendant-Appellant.
 Nos. 94-50336, 95-50236.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 17, 1996.
Decided April 1, 1997.
 
 1
 Before: KOZINSKI and LEAVY, Circuit Judges, and SCHWARZER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Fernando Landivar ("Landivar") appeals from his conviction and sentence after jury trial for conspiracy to possess with intent to distribute, and to distribute cocaine (count 1), in violation of 21 U.S.C. § 846; possession with intent to distribute cocaine (counts 2, 4, 6, and 8) and distribution of cocaine (counts 3, 5, and 7), in violation of 21 U.S.C. § 841(a)(1). Jesus Tavizon ("Tavizon") appeals from his conviction and sentence on counts 1, 4, 5, 6, 7, and 8 of the same indictment. We affirm the convictions, but vacate Landivar's sentence and remand for his resentencing.
 
 I. The Convictions
 
 4
 Tavizon argues that the district court erred in denying his motion to set aside the indictment or, in the alternative, for a new trial, based on his claim that the government violated its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963). He claims that the government withheld the affidavit of FBI Special Agent Freihon filed in a companion case, United States v. Candelario Beltran. The record shows that the Freihon affidavit was attached to the complaint filed by Agent Freihon against Tavizon. It further shows that a copy of the complaint and the affidavit were given to defendant's counsel at Tavizon's arraignment before a United States Magistrate Judge on May 31, 1991. On appeal, Tavizon says on page 11 of his brief, "What is missing in the government's affidavit is the statement that Jorge Jimenez is Mareno's boss." However, when we compare the affidavit attached to Tavizon's motion, ER 196-219, with the affidavit attached to the complaint against Tavizon, ER 330-53, we find them to be identical. See ER 205 cited by Tavizon and ER 339 cited by the government.
 
 
 5
 Tavizon also contends that two pages of codefendant Moreno's post-arrest statement containing exculpatory evidence were withheld by the government. Tavizon claims that the government violated its Brady obligations when it did not submit them with the rest of the statement, pursuant to the court's discovery order.
 
 
 6
 The district court properly found that there was no evidence that the government ever possessed or had knowledge of the two pages at issue. We affirm its denial of Tavizon's motion to dismiss or for a new trial. See Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir.1995). ("The government has no obligation to produce information which it does not possess or of which it is unaware.")
 
 
 7
 Tavizon argues that the May 3, 1991, 20 kilogram deal constituted a separate conspiracy from the conspiracies in the other transactions. Landivar argues that each separate transaction over the five month period in question represented a different conspiracy. Neither claim has merit. The evidence shows that both defendants had a strong link to the May 3, 1991 transaction. A rational factfinder could find that a single conspiracy was proven. See United States v. Shabani, 48 F.3d 401, 403 (9th Cir.1995); United States v. Taren-Palma, 997 F.2d 525, 530 (9th Cir.1993), cert. denied, 114 S.Ct. 1648 (1994).
 
 
 8
 Landivar's contention that his conviction on Counts 4 and 5 of the indictment, relating to the May 3, 1991 delivery, should be reversed, fails because we find sufficient evidence to support the finding of a single conspiracy. See, e.g., United States v. Torres-Rodriguez, 930 F.2d 1375, 1382 (9th Cir.1991) (once defendant is found guilty of conspiracy, he may be found guilty of "substantive violations committed by the conspiracy").
 
 
 9
 Landivar claims that his Sixth Amendment rights were violated because the district court allowed the admission of Spanish language tapes, portions of which were inaudible, and transcripts of those tapes, which contained errors in the English translation. We reject this contention.
 
 
 10
 We have previously upheld a trial court's admission of wiretap transcripts over a defense objection that it had no opportunity to investigate the transcripts' accuracy, where the defendant had unquestionably known from the outset that the transcripts would be central to the prosecution's case and yet had made no meaningful effort to check transcripts for accuracy or to obtain a continuance in order to examine the transcripts. United States v. Pena-Espinoza, 47 F.3d 356, 360 (9th Cir.1995).
 
 
 11
 Landivar also asserts that he was entrapped as a matter of law. This claim is meritless. See United States v. Davis, 36 F.3d 1424, 1430 (9th Cir.1994) ("It is inappropriate for an appellate court to determine whether a defendant was entrapped when such a determination would necessarily entail 'choosing between conflicting witnesses' and 'judging credibility.' ") (quoting Sherman v. United States, 356 U.S. 369, 373 (1958)), cert. denied sub nom., Williams v. United States, 115 S.Ct. 1147 (1995). The jury decided the factual issues against Landivar under proper instructions.
 
 
 12
 Tavizon claims that the district court violated his Sixth Amendment right to present witnesses by not allowing Moreno, who had invoked his Fifth Amendment right against self-incrimination, to testify.
 
 
 13
 As the factual basis for his guilty plea to the conspiracy charge, Moreno had only admitted involvement with 38 kilograms of cocaine. Before trial, his attorney stated on the record that Moreno intended to assert his privilege against self-incrimination if called to testify by either Landivar or Tavizon. The district court held a hearing to determine the scope of Moreno's right against self-incrimination after his guilty plea, and whether Moreno intended to assert his privilege regarding subject matter that was collateral. When questioned, Moreno repeatedly invoked his right against self-incrimination and refused to answer questions on non-collateral matters. The court ruled that Moreno's right against self-incrimination was limited to acts outside the scope of the offense conduct admitted in his plea agreement, and that he could not be called as a witness since his refusal to answer non-collateral cross-examination questions made the potential prejudice of his testimony substantially outweigh any possible probative value it might have.
 
 
 14
 The Fifth Amendment privilege takes precedence over the right to compulsory process. United States v. Moore, 682 F.2d 853, 856 (9th Cir.1982) ("An accused's right to compulsory process to secure the attendance of a witness does not include the right to compel the witness to waive his fifth amendment privilege."); see also Denham v. Deeds, 954 F.2d 1501, 1504 (9th Cir.1992). The district court properly excluded Moreno's testimony. Tavizon's claim that the district court intimidated Moreno and encouraged him to remain silent is not supported by the record.
 
 
 15
 Tavizon also claims that he was denied effective assistance of counsel because his trial counsel did not ask the court to conduct an in camera review of Moreno's presentence report, thus depriving him of exculpatory material. Tavizon cannot show that a review of Moreno's presentence report would have altered the results of the trial, and that his counsel's failure to seek such review was "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984). The failure to raise meritless issues does not constitute ineffective assistance of counsel. Baumann v. United States, 692 F.2d 565, 572 (9th Cir.1982); see also Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir.), cert. denied, 115 S.Ct. 513 (1994).
 
 II. The Sentencing Issues
 
 16
 Tavizon asserts that the district court erred at sentencing by denying him a downward departure for minor participation based on USSG § 3B1.2, and/or for aberrant behavior.
 
 
 17
 "A district court's finding that a defendant does not qualify for minor ... participant status is heavily dependent on the facts of the particular case, and we uphold such a finding unless it is clearly erroneous." Davis, 36 F.3d at 1435. Generally, a defendant who takes an active, continuing role in an illegal operation is not a "minor participant." United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991). The district court found that Tavizon played such a role. It did not err in denying him an adjustment.
 
 
 18
 A district court's refusal to depart downward on the basis of aberrant behavior is not reviewable unless the court mistakenly believed that it lacked the legal authority to depart. United States v. Eaton, 31 F.3d 789, 792 (9th Cir.1994). Here, the district court recognized its authority to depart downward, but chose not to exercise its authority. Its decision is not reviewable. The same reasoning, although not explicitly applied by the court, applies to Tavizon's contention that he was the victim of sentencing entrapment: "[W]e will assume that the district court knows and applies the law correctly, realizes that it does have the authority to depart, but concludes that it would be inappropriate to do so on the facts of the particular case." United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991).
 
 
 19
 Landivar and Tavizon contend that the district court should have determined their base offense levels at the 100 kilogram amount that was agreed to at the meeting on May 15, 1991.
 
 
 20
 "Quite clearly the offense level for a conspiracy is determined by the amount that a defendant conspired to sell and not by the amount ultimately sold." United States v. Alvarez-Cardenas, 902 F.2d 734, 736 (9th Cir.1990). In the months preceding the final transaction, the figure of 300 kilograms had been negotiated. The district court found that the presentence reports were accurate, where they stated:
 
 
 21
 Although larger amounts of cocaine had been discussed early in the conspiracy, actual plans were only made for the sale of 300 kilograms of cocaine. Further, as there is no physical evidence to link the defendant to the large amounts of cocaine which were found at the stash houses, and the amounts found there do not appear to be within the defendant's scope of participation, the drug amount is being limited to 300 kilograms. Pursuant to Section 2D1.1(c)(3), at least 150 kilograms but less than 500 kilograms of cocaine garners a base offense level of 38.
 
 
 22
 Presentence Report of Appellant Tavizon at 13, Documents Filed Under Seal at 33; Landivar's Presentence Report at 13-14. The 48 kilograms of cocaine seized did not limit the size of the conspiracy as evidenced by the fact that the defendants had over 1,300 kilograms of cocaine available to them. The district court acknowledged the difficulties inherent in determining the amount for sentencing purposes when an installment arrangment is agreed to by the parties. Its finding that the presentence reports were accurate is supported by ample evidence.
 
 
 23
 Tavizon claims that the district court erred in failing to apply the safety valve provision pursuant to USSG § 5C1.2. The court's failure to make a specific finding as to whether Tavizon qualified for the safety valve provision was not error. Application of the safety valve provision could not affect Tavizon's sentence, because his applicable guideline range exceeds the mandatory 120 month minimum sentence for his offense under § 841(a)(1). Any waiver of the statutory minimum would thus be meaningless.
 
 
 24
 Landivar contends that he was given inadequate notice of the district court's intention to enhance his base level offense by two levels for obstruction of justice. While we have not ruled on precisely how much notice must be given by the district court of the factors it is considering when enhancing a sentence, we conclude that it is error when, as here, defense counsel was not informed of those factors until the sentencing hearing. See United States v. Brady, 928 F.2d 844 (9th Cir.1991); United States v. Rafferty, 911 F.2d 227, 230 (9th Cir.1990). Because we are remanding for resentencing, we do not consider the substantive bases on which the district court enhanced Landivar's sentence. See Rafferty, 911 F.2d at 230, n. 4.
 
 
 25
 The conviction and sentence of Tavizon are AFFIRMED. The conviction of Landivar is AFFIRMED. Landivar's sentence is VACATED and his case is REMANDED for resentencing.
 
 
 
 *
 The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3