**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alberto Jose DEL MURO, aka Raul Torres–Garcia, Defendant– Appellant.**

No. 94–50477.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 1995.

Decided July 1, 1996.

Sylvia Baiz, San Diego, California, for defendant-appellant.

Bruce R. Castetter, Assistant United States Attorney, San Diego, California, for plaintiff-appellee.

Before: BROWNING, NORRIS, and REINHARDT, Circuit Judges.

PER CURIAM:

Upon entering the United States, Appellant told immigration inspectors he was a United States citizen and provided identification in the name Alberto Jose Del Muro.[1] A computer check indicated Appellant had used

1. Appellant was charged as Raul Torres–Garcia, but asserts his true name is Alberto Jose Del Muro.

many names in dealing with immigration officials and had been convicted of multiple violations of the immigration laws. Del Muro was arrested and charged for falsely claiming to be a United States citizen. 18 U.S.C. § 911. A jury found Del Muro guilty, and he was sentenced to 30 months imprisonment. We vacate the sentence and remand.

## I.

Del Muro filed a Rule 33 motion for new trial, claiming trial counsel had rendered ineffective assistance by failing to interview or subpoena witnesses suggested by Del Muro. Del Muro requested that the court appoint substitute counsel to present the motion on his behalf. The district court denied the request.

The court held an evidentiary hearing on the motion at which it reviewed declarations and heard live testimony of the potential witnesses. The court required trial counsel to examine the witness who testified and argue that counsel's own failure to investigate and call this witness and two others prejudiced Del Muro's case. The court then denied the motion on the ground the witnesses' testimony would not have affected the outcome of the trial.

■ Del Muro argues on appeal that the district court created an inherent conflict of interest by forcing trial counsel to prove his own ineffectiveness and thereby deprived Del Muro of his Sixth Amendment right to effective assistance of counsel.[2] We agree.

■ Criminal defendants have a constitutional right to counsel at a new trial hearing. *See Menefield v. Borg,* 881 F.2d 696, 699 (9th Cir.1989). To establish a Sixth Amendment violation, Del Muro must show "an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). A defendant who establishes an actual conflict "need only show that some effect on counsel's handling of particular aspects of the trial was 'likely.'" *United States v. Miskinis,* 966 F.2d 1263, 1268 (9th Cir.1992).

There was an actual, irreconcilable conflict between Del Muro and his trial counsel at the hearing on the motion for new trial. The interests of counsel were diametrically opposed to those of Del Muro. The trial court's determination that an evidentiary hearing was warranted heightened the conflict. When Del Muro's allegedly incompetent trial attorney was compelled to produce new evidence and examine witnesses to prove his services to the defendant were ineffective, he was burdened with a strong disincentive to engage in vigorous argument and examination, or to communicate candidly with his client. The conflict was not only actual, but likely to affect counsel's performance.

When the trial court, as here, orders an evidentiary hearing,[3] it is virtually impossible for a reviewing court to determine what evidence would have been presented if substitute counsel had been appointed, or how the presentation of testimony might have been affected by trial counsel's conflicting interest. Under these circumstances, we will presume prejudice, since Del Muro has shown a conflict of interest. *Miskinis,* 966 F.2d at 1268; *Cuyler,* 446 U.S. at 348–50, 100 S.Ct. at

---

**2.** In *Jackson v. Ylst,* 921 F.2d 882 (9th Cir.1990), we declined to decide whether to adopt a rule requiring the automatic appointment of substitute counsel whenever a motion for new trial is based on trial counsel's incompetency, *Id.* at 887–88, because such a requirement would constitute a "new rule" within the meaning of *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), and did not fit within the exceptions to the principle that a new rule may not be adopted by a court reviewing a collateral challenge to a conviction. *Jackson,* 921 F.2d at 888. Del Muro raises the issue on direct appeal.

**3.** Not every motion for new trial requires an evidentiary hearing. *See United States v. Nace,* 561 F.2d 763, 772 (9th Cir.1977) (decision whether to hold hearing on motion for new trial is "within the sound discretion of the trial court."). *Cf. United States v. Navarro–Garcia,* 926 F.2d 818, 822 (9th Cir.1991) (evidentiary hearing is not required when defendant alleges improprieties in jury deliberation if "the alleged misconduct could not have affected the verdict or the district court can determine from the record before it that the allegations are without credibility."); *Van Pilon v. Reed,* 799 F.2d 1332, 1338 (9th Cir.1986) (an evidentiary hearing is not required in habeas proceedings, unless petitioner's allegations would warrant relief if proved) (citing *Townsend v. Sain,* 372 U.S. 293, 312–13, 83 S.Ct. 745, 756–57, 9 L.Ed.2d 770 (1963)).

1718–19; *Holloway v. Arkansas*, 435 U.S. 475, 487–91, 98 S.Ct. 1173, 1180–82, 55 L.Ed.2d 426 (1978).[4]

Del Muro was entitled to appointment of disinterested substitute counsel to examine the witnesses, develop the evidence, and argue the merits of the motion. We remand for district court to conduct a hearing on Del Muro's motion for new trial with Del Muro represented by appointed substitute counsel.

## II.

At trial, Del Muro testified that he was convicted of making a false claim of United States citizenship in 1991. This court reversed the conviction, and Del Muro was not retried. Del Muro's appellate attorney sent Del Muro a letter stating: "The INS will still probably conduct a deportation hearing, but now they have the absolute duty to prove that you are not a citizen. You now have documents that show your side of the matter." According to Del Muro, he interpreted our ruling and the attorney's letter as meaning the court had held he was a United States citizen, and that he "wouldn't have any more problems" and was free to continue to say he was a citizen.

Del Muro requested the jury be instructed as set out in the margin to inform the jury of this "theory of the defense."[5] The district court refused to give the instruction.

■ A defendant is entitled to an instruction on his theory of the case "provided that it is supported by law and has some foundation in the evidence." *United States v. Dees*, 34 F.3d 838, 842 (9th Cir.1994).

However, "[i]t is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory." *Id.* Whether the other instructions adequately cover the theory of defense is a question of law reviewed de novo. *United States v. Duran*, 59 F.3d 938, 941 (9th Cir. 1995).

■ Del Muro's proposed instruction was not a "theory of the defense" instruction: it merely highlighted the particular evidence Del Muro believed supported his claim of innocence. *See United States v. Felix–Gutierrez*, 940 F.2d 1200, 1210–11 (9th Cir.1991). Moreover, the district court's remaining instructions adequately covered Del Muro's theory of defense. The court instructed the jury on each element of the offense, including the requirement that Del Muro must have known he was not a United States citizen and deliberately stated otherwise. Under these instructions, if the jury believed Del Muro thought he was a United States citizen based on the reversal of his prior conviction and the letter from his attorney, the jury was required to find him not guilty.

## III.

At trial, a witness identifying himself as Alberto Jose Del Muro identified Appellant as Ramiro Placencia, a man who stayed at the witness's home for approximately three weeks in 1986 or 1987. The witness testified that Appellant left one night with the witness's car, birth certificate, social security card, and other important papers.

4. We need not decide whether a defendant would be entitled to appointed substitute counsel when a court determines no evidentiary hearing is required on the motion for new trial. The Seventh Circuit declined to apply the presumption of prejudice at a post-trial motion for new trial where it determined there was no possibility of prejudice. *Johnston v. Mizell*, 912 F.2d 172 (7th Cir.1990). The court found no prejudice could exist where trial counsel could preserve an ineffective assistance claim simply by raising it at the new trial motion, and a reviewing court could evaluate the claim based on the trial record. Without endorsing or rejecting that view, we note that *Johnston* did not address the type of case before us in which the court determines an evidentiary hearing is required and compels trial

counsel to examine witnesses and develop further evidence.

5. "Defendant Alberto Del Muro, moreover, contends that he is not guilty of the crime charged because when he stated he was a United States Citizen on February 25, 1994, he believed that he was a United States citizen based on the reversal, by the Court of Appeals, of his prior conviction for false claim to United States citizenship and the letter from his attorney telling him that as a result of that action by the Court of Appeals, the government now had to prove that he was not a citizen. If you find these to be the facts, you must find the defendant not guilty."

■ Prior to sentencing, Appellant Del Muro filed written objections to four convictions listed in the presentence report as convictions of Appellant, which the Government concedes were convictions of Alberto Del Muro, the witness. Each of these convictions added one point to Appellant's criminal history score. Del Muro raised these objections again at the sentencing hearing. The court struck one of the convictions, but made no finding as to the other three. If those three convictions had been stricken, Del Muro's criminal history category would have been V rather than VI.[6] Del Muro challenges his sentence on the ground that the district court erred in failing to make findings on his objections to the presentence report.

■ Federal Rule of Criminal Procedure 32(c)(3)(D) provides that when a defendant "allege[s] any factual inaccuracy in the presentence investigation report ... the court shall, as to each matter controverted, either make (i) a finding as to the allegation or (ii) ... [state that] the matter controverted will not be taken into account in sentencing." Failure to make the necessary findings requires that the sentence be vacated and the defendant resentenced. *United States v. Fernandez–Angulo*, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc).

Del Muro's sentence is VACATED, and the cause is REMANDED for further proceedings consistent with this opinion. The mandate shall issue forthwith. No petition for rehearing will be entertained.

---

**6.** The subtotal of Del Muro's criminal history points would have been 12 instead of 14. (Two of the four points already were excluded from the subtotal pursuant to U.S.S.G. § 4A1.1(c).) The two-point upward adjustment for being on probation also would have been stricken, bringing Del Muro's total criminal history points down to 12 and his criminal history category to V.