131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Damon Lee JOHNSON, Petitioner-Appellant,
v.
James GOMEZ, Director, California Department of Corrections;
THEO WHITE, Warden, California State Prison at
Sacramento, Respondents-Appellees.
 No. 97-15125.
 United States Court of Appeals, Ninth Circuit.
 Nov. 28, 1997.
Argued and Submitted October 6, 1997
 
 Appeal from the United States District Court for the Northern District of California
 Charles A. Legge, District Judge, Presiding
 Before: FLETCHER, WIGGINS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Damon Lee Johnson appeals the denial of his § 2254 petition challenging his conviction for first-degree felony murder and attempted robbery on the ground that his lawyer's self-interest in her reputation prevented her from claiming on direct appeal that she rendered ineffective assistance of counsel at trial. We affirm.
 
 
 3
 Johnson argues that his attorney's divided loyalties amounted to an actual conflict of interest adversely affecting counsel's performance on appeal under Cuyler v. Sullivan, 446 U.S. 335 (1980), and United States v. Del Muro, 87 F.3d 1078 (9th Cir.1996), whereas the government submits that Johnson's claim should be analyzed under the normal Strickland test for incompetence of counsel, which he cannot meet, Strickland v. Washington, 466 U.S. 668 (1994). We agree with the government that the Strickland analysis is the proper one. There was no Cuyler conflict on direct appeal.
 
 
 4
 Here, Johnson's only claim is that counsel's conflict precluded her from arguing on appeal her own ineffectiveness at trial. However, as the California Supreme Court has indicated, claims of ineffective assistance of trial counsel seldom succeed on direct appeal. See People v. Scott, 65 Cal.Rptr.2d 240, 255 (Cal.1997) (claim must be rejected on appeal when record sheds no light on why counsel acted in the challenged manner unless counsel was asked for and failed to provide satisfactory explanation, or none is possible); see also People v. Holt, 63 Cal.Rptr.2d 782, 837 (Cal.1997) ("When the record does not shed light on why counsel acted or failed to act in a particular manner, claims of ineffective assistance of counsel based on that conduct must be presented by writ of habeas corpus."). For trial counsel to advance on direct appeal meritorious substantive errors allegedly made by the trial court could pose no conflict of interest to merit Cuyler review. Then with a developed record on habeas, Johnson could, through new counsel, advance any claim he might have as to trial counsel's incompetence.
 
 
 5
 To succeed under the Strickland test, Johnson must show that his counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88, 694. Here, the evidence against him was overwhelming: he confessed that he helped Mayers plan the robbery and that he went to the restaurant, stayed by the door, and told an elderly man who was trying to leave to sit down; three eye witnesses testified that Johnson guarded the door; one witness confirmed that Johnson ordered an elderly man to sit down when he tried to walk out of the restaurant; another witness testified that when he tried to leave, a man with a gun ordered him to sit down; two witnesses testified that they saw Johnson standing at the door with a gun; and two other witnesses said they say Mayers and Johnson leave together.
 
 
 6
 Although counsel's conduct at trial may have been improper and even offensive at times, no facts indicate that she made evidentiary or strategic errors. Under these circumstances, on direct appeal a non-conflicted, competent attorney would have recognized that it was altogether improbable that the California Court of Appeal would have found Strickland prejudice on the appellate record. Accordingly, Johnson has not shown that it is likely that his attorney failed to raise a futile ineffectiveness claim on direct appeal because she was conflicted instead of because the claim lacked merit. See Burger v. Kemp, 483 U.S. 776 (1987); Gomez v. Garcia, 81 F.3d 95 (9th Cir.1996) (petitioner failed to show that appellate counsel had an actual conflict of interest since omitted claim was "irrelevant and futile"). Del Muro, upon which Johnson relies, does not lead to a different result. There, the defendant's lawyer was put in the untenable position of trying to show his own ineffectiveness at an evidentiary hearing in connection with a motion for new trial. In those circumstances we presumed prejudice because it is "virtually impossible for a reviewing court to determine what evidence would have been presented if substitute counsel had been appointed, or how the presentation of testimony might have affected by trial counsel's conflicting interest." Del Muro, 87 F.3d at 1080. Unlike an evidentiary hearing, it is not difficult for us to determine the contours of an ineffectiveness claim raised on the appellate record from collateral review.
 
 
 7
 We therefore conclude that Johnson has not shown that there was a conflict of interest that adversely affected his lawyer's performance or that he has shown prejudice under Strickland.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3