**Lavell M. STEWART, Petitioner–Appellant,**

**v.**

**Robert AYERS, Warden, Respondent–Appellee.**

No. 00–16134.

D.C. No. CV–99–04158–WHA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2001.

Decided April 16, 2001.

---

* The Honorable Harlington Wood, Jr., Senior Circuit Judge for the Seventh Circuit, sitting by designation.

Before REINHARDT, RYMER, and FISHER, Circuit Judges.

MEMORANDUM *

Appellant Lavell Stewart appeals the district court's denial of his habeas petition under 28 U.S.C. § 2254. Stewart was convicted of first degree murder for shooting Akbar Bey in Oakland, California. The prosecution put forth persuasive evidence, including two witnesses who saw Stewart commit the murder. Stewart shot Bey four times, twice in the head, twice in the chest, from a distance of less than two feet. He claimed he did so in self-defense.

On appeal, Stewart contends that he received constitutionally ineffective assistance of counsel, that the State violated his due process rights by denying the existence of a police report and that the trial court violated his Sixth Amendment rights by refusing to give a jury instruction he requested. We have jurisdiction under 28 U.S.C. §§ 1291 and 2254, and we affirm.

■ Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we cannot grant habeas relief to Stewart unless the state court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1504, 146 L.Ed.2d 389 (2000) (citing 28 U.S.C. § 2254(d)(1)). An unreasonable application of federal law is not the same as an incorrect application, and "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 1522. The clear error standard is used to determine unreasonableness. *See Van Tran v. Lindsey,* 212 F.3d 1143, 1152–54 (9th Cir.2000). We review de novo the district court's decision to deny a 28 U.S.C. § 2254 habeas petition, keeping in mind the above limitations. *Bribiesca v. Galaza,* 215 F.3d 1015, 1018 (9th Cir.2000).

*Discussion*

I. Bey's Violent Character: Ineffective Assistance of Counsel

■ Stewart's argument that his counsel rendered constitutionally ineffective assistance by failing to put forward evidence about the victim's violent character is without merit. Counsel was unable to introduce such testimony because a witness became unavailable during the trial. Counsel may also have legitimately made the decision not to do so in order to prevent Stewart's lengthy history of prior bad acts from being exposed. The decision to withhold from the jury favorable evidence that "open[s] the door" to related but harmful background information "is clearly a judgment call within the range of competent counsel." *Jackson v. Calderon,* 211 F.3d 1148, 1157 (9th Cir.2000). After reviewing the record, we do not believe coun-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

sel's performance fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## II. The Missing Police Report: *Brady* and *Strickland* Claims

Stewart also challenges the state and district courts' determinations relating to a police report he filed in 1992.

### A. *Brady* Violation

■ "[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good or bad faith of the prosecution." *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). To be "material" in terms of a *Brady* analysis, there must be a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.*

■ After thoroughly reviewing the record, we agree with the district court that Stewart's testimony, on its own, was difficult to believe and internally inconsistent. Stewart's incredible version of the events, along with the eyewitness testimony and physical evidence, provided overwhelming evidence against him. In light of this, the state courts and the district court determined the report was not "material" under *Brady.* We are troubled by the Oakland Police Department's failure to locate Stewart's police report and the prosecutor's consequent use of its assumed nonexistence to impeach him. On this record, however, we cannot say the state courts' denial of his *Brady* claim was "contrary

to," or "an unreasonable application of," Supreme Court law under AEDPA. *See Williams,* 120 S.Ct. at 1504.

### B. Ineffective Assistance

■ The government's witness, a police officer, testified that he searched police records for the years 1991–1993, and found no report filed by Stewart in 1992. Although counsel arguably was foolish to accept the word of the Oakland Police Department, we need not determine whether his conduct in failing to search for the report himself during trial fell below an objective standard of reasonableness so as to constitute constitutionally deficient assistance. *Strickland,* 466 U.S. at 687–88. Whether or not any reasonable attorney would have performed an independent search for the report, the state courts' determination that there was no *Strickland* error here because there was no prejudice is not an "unreasonable" application of Supreme Court law. *See Williams,* 120 S.Ct. at 1504. Again, given the overwhelming evidence directly contradicting Stewart's version of the events, the state courts could reasonably have determined that defense counsel's performance did not prejudice Stewart and was therefore not constitutionally deficient.

## III. Failure to Give Requested Jury Instruction

■ Lastly, Stewart argues the trial court violated the Sixth Amendment by not instructing the jury that ex-felons retained the right to use firearms in self-defense. Jury instructions are proper so long as they adequately embody the defense theory; they need not be presented to the jury in the precise terms desired by the defendant. *United States v. Del Muro,* 87 F.3d 1078, 1081 (9th Cir.1996).

The jury was instructed that, under California Penal Code § 12021, it is illegal for

an ex-felon to possess or use a firearm. It was also instructed as to self-defense. Because the instruction adequately presented the theory of self-defense, it was not erroneous. *See Del Muro,* 87 F.3d at 1081.

AFFIRMED.

---

1. The panel unanimously find this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.