**William Samuel DELOACH,
Petitioner—Appellant,**

v.

**Jim HAMLET, Warden, Respondent—
Appellee.**

No. 02–15627.

D.C. No. CV–00–03423–MJJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2003.

Decided July 15, 2003.

---

Before SCHROEDER, Chief Judge, D.W. NELSON, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

■ 1. After killing Patrick Hall, William DeLoach was convicted of voluntary manslaughter. The California courts held that, by his cross-examination of prosecution witness Darbyshire, DeLoach's trial counsel "opened the door" to evidence of DeLoach's bad character and Hall's good character under Cal. Evid.Code § 1103. While this ruling may have been a mistake under California law, *see People v. Gin Shue,* 58 Cal.App.2d 625, 137 P.2d 742, 474–48 (1943), a mistake of state law does not create grounds for granting a habeas petition under 28 U.S.C. § 2254. We may grant a habeas writ only if a state court's determination is contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *See id.* § 2254(d)(1).

DeLoach credibly argues that the California courts allowed DeLoach to be tried partly on the basis of propensity evidence. But the Supreme Court has specifically left open the question of whether a state law allowing the use of propensity evidence would violate the Due Process Clause. *See Estelle v. McGuire,* 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). We therefore cannot say that the California courts' evidentiary rulings in this case were contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

■ 2. DeLoach also argues that his trial counsel was ineffective for "opening the door" to character evidence. Once the prosecutor had elicited testimony regarding Hall's character from Darbyshire, DeLoach's trial counsel may have had a plausible tactical reason for attempting to impeach Darbyshire rather than objecting to the prosecutor's questions. DeLoach's trial counsel's failure to anticipate the California courts' (somewhat puzzling) evidentiary ruling does not show that his performance fell below standards of competent professional assistance.

■ 3. DeLoach contends that prosecutorial misconduct denied him his right to a fair trial. During pre-trial conference the prosecutor was less than forthcoming about her plans to use character evidence. But prior to the pre-trial conference, the prosecutor had already disclosed the statements of Michael Moore to the defense. Because Moore's testimony about DeLoach's bad acts was the primary means by which the prosecution attempted to show DeLoach's bad character at trial, the trial was not infected with unfairness by any failure to disclose. Nor did the prosecutor's questioning about the presence of LSD so infect the trial with unfairness that DeLoach was denied his due process right to a fair trial.

■ 4. Finally, DeLoach argues that his due process rights were violated by the trial court's failure to give his requested jury instructions. A defendant is entitled to jury instructions that present the crux

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of his defense, but he is not entitled to specific instructions that pinpoint certain aspects of the defense or that suggest conclusions from certain pieces of evidence. *See Bradley v. Duncan,* 315 F.3d 1091, 1098–99 (9th Cir.2002); *United States v. Del Muro,* 87 F.3d 1078, 1081 (9th Cir.1996). In this case, the trial court presented adequate instructions regarding DeLoach's theory of self-defense. The trial court's failure to present the specific instructions requested by DeLoach does not constitute a basis for federal habeas relief.

For the foregoing reasons, we affirm the district court's decision to deny DeLoach's petition for writ of habeas corpus.

AFFIRMED.