UNITED STATES of America,
Plaintiff—Appellee,

v.

Richard CARRILLO, Defendant—
Appellant.

No. 02–10619.
D.C. No. CR–01–00136–KJD.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Decided Nov. 12, 2003.

Peter Ko, Thomas S. Dougherty, Justin J. Roberts, USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Diane L. Dragan, Las Vegas, NV, for Defendant–Appellant.

Before CUDAHY,* GOODWIN, and KLEINFELD, Circuit Judges.

* The Honorable Richard D. Cudahy, Senior     United States Court of Appeals Judge for the

MEMORANDUM**

We find that all of Carrillo's challenges to his conviction lack merit. We thus affirm his conviction.

■ There was no violation under *Brady v. Maryland*.[1] Carrillo has not identified any exculpatory evidence that the government has failed to produce or that it produced too late to be useful to Carrillo.[2] Even if he had, he has also failed to articulate a "reasonable probability" that the outcome of his case would have been different had certain information been provided or provided in a more timely manner.[3] The district court conducted an in camera review of the informant's file and determined that there was no undisclosed material that would support Carrillo's entrapment defense. We have examined the file ourselves and agree with this conclusion.[4] Carrillo was able to secure the informant's presence at trial and had the opportunity to examine her using the government evidence that tended to undermine her credibility. The outcome of the case, we are confident, would not have changed had discovery proceeded as appellant argues it should have.

■ The district court's refusal to allow Carrillo to treat the informant as a hostile witness on direct examination did not violate Carrillo's Sixth Amendment rights and, assuming without deciding that it was an abuse of discretion, it was harmless.[5] The court merely noted that at the time the point was raised, it was premature, because Carrillo had not yet established that the witness was hostile. Carrillo never renewed his request.

The district court also did not abuse its discretion in sustaining the government's objections during Carrillo's examination of the informant.[6]

■ We also reject Carrillo's challenge to the admission of the tapes. Carrillo never points to any factual assertions that could make the recorded statements hearsay in the first place.[7] The recorded statements of Carrillo himself were admissible as admissions because they were offered against him and he is a party.[8] The statements of those with whom Carrillo was speaking were not admitted for the truth of any factual assertions they made.[9] The district court did not abuse its discretion in overruling the hearsay objection.[10]

The district court did not err in denying Carrillo's motion for a new trial and did not abuse its discretion in denying a post-trial evidentiary hearing.[11] Most of the

Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

2. *See United States v. Zuno–Arce*, 44 F.3d 1420, 1425–27 (9th Cir.1995).

3. *See id.* at 1428.

4. *See United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir.2002).

5. *See United States v. Pearson*, 274 F.3d 1225, 1233 (9th Cir.2001); *United States v. Shabani*, 48 F.3d 401, 403 (9th Cir.1995); *United States v. Tsui*, 646 F.2d 365, 368–69 (9th Cir.1981).

6. *See Shabani*, 48 F.3d at 403–04.

7. *See* Fed.R.Evid. 801(c).

8. *See id.* at § 801(d)(2).

9. *See United States v. Whitman*, 771 F.2d 1348, 1351–52 (9th Cir.1985).

10. *See United States v. Beckman*, 298 F.3d 788, 795 (9th Cir.2002).

11. *See United States v. Antonakeas*, 255 F.3d 714, 725 (9th Cir.2001) (reviewing de novo motion for new trial on *Brady* grounds); *Unit-*

arguments in support of his motion for a new trial were the same ones we deal with above. Those that were different are without merit.

■ Finally, the district court did not commit clear error in refusing to depart downward for acceptance of responsibility in sentencing Carrillo.[12] Carrillo denied responsibility and went to trial.

**AFFIRMED.**

ed States v. Hursh, 217 F.3d 761, 769 (9th Cir.2000) (reviewing for abuse of discretion motion for new trial); United States v. Del Muro, 87 F.3d 1078, 1080 n. 3 (9th Cir.1996) (stating abuse-of-discretion standard of review for motion for post-trial evidentiary hearing).

**12.** See United States v. Hicks, 217 F.3d 1038, 1050 (9th Cir.2000).