**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**James Isaac NEUSOM, Defendant—
Appellant.**

No. 04–50384.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Dec. 20, 2005.

---

Elana Shavit Artson, Esq., Ronald L. Cheng, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Benjamin L. Coleman, Esq., San Diego, CA, for Defendant–Appellant.

Before: BRIGHT,* B. FLETCHER, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Defendant James Isaac Neusom appeals his jury conviction and sentence for theft of government property in violation of 18 U.S.C. § 641 and Social Security fraud in violation of 42 U.S.C. § 408(a)(4). Neusom makes numerous arguments. We reject them and affirm.

Because the parties are familiar with the facts, we do not recite them in detail. A jury found Neusom guilty. On August 2, 2004, the district court sentenced him to five years' probation, including fifty hours of community service, and ordered him to pay $30,547.80 in restitution. Neusom filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

■ Neusom first argues there was insufficient evidence to find he committed Social Security fraud under 42 U.S.C. § 408(a)(4). He argues the statute only applies to representative payees, which he was not. We find nothing in the plain language or legislative history of the statute to support this reading.

■ Second, Neusom alleges the prosecution constructively amended the indictment. He did not preserve his claim so we review for plain error. The prosecutor's improper remarks were not plain error when the district court properly charged and instructed the jury, as well as noted that statements by lawyers are not evidence.

Third, Neusom argues the district court plainly erred in allowing the prosecutor's improper cross-examination of Neusom and his character witness. He did not preserve his claim so we review for plain error. Even assuming there was error, it does not rise to the level of plain error because it did not affect his substantial rights.

Fourth, Neusom argues the district court erroneously denied him a new trial when it accepted an invalid waiver of his right to appointed counsel and failed to hold an evidentiary hearing and issue findings as to whether the government improperly failed to disclose exculpatory evidence. The district court did not abuse its discretion in denying the motion to substitute counsel where its inquiry as to whether new counsel should be appointed, though brief, was adequate. Additionally,

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the district court did not improperly fail to hold an evidentiary hearing or issue findings as to whether the government failed to disclose exculpatory evidence because "[n]ot every motion for new trial requires an evidentiary hearing." *United States v. Del Muro*, 87 F.3d 1078, 1080 n. 3 (9th Cir.1996). Here the district court did not commit reversible error by finding the new evidence was neither favorable to defendant nor material.

■ Fifth, Neusom claims the district court erred in failing to enter a judgment of acquittal as to Social Security fraud based on new evidence that the charge was barred by the statute of limitations. His limitations assertion is based on the argument that when the government allegedly became aware of the death of his mother, who he was still fraudulently receiving payments for, the statute of limitations started to run as to his crime of "conceal[ing] or fail[ing] to disclose such event with an intent fraudulently to secure payment. . . ." 42 U.S.C. § 408(a)(4). However, he cites no case law directly on point. We find Neusom's claim that the statute of limitations starts to run, despite an individual both continuing to receive improper payments and failing to disclose a death, to be without merit.

Sixth, Neusom argues the charge of theft of government property was duplicitous and improperly consolidated several misdemeanor offenses into one felony count. Neusom did not raise the issue below, and asserts it is reviewable for plain error. The government claims the issue is unreviewable. Even if we assume this claim is reviewable, it does not rise to the level of plain error because it does not contravene Ninth Circuit precedent.

■ Seventh, Neusom alleges the district court plainly erred by entering a conviction on the charge of theft of government property because it was barred by the statute of limitations. He argues charges involving conduct that straddles the limitations date are barred by the statute of limitations. Here, the Section 641 charge in Count 1 of the indictment is governed by a five-year statute of limitations. *See* 18 U.S.C. § 3282. The indictment was filed on February 28, 2003, and therefore only violations completed after February 28, 1998 could be prosecuted. However, Count 1 consolidated the alleged thefts of payments from December 1993 to June 2001 into one felony count. Therefore, defendant notes, Count 1 alleges conduct that "straddles" the statute of limitations date.

The government argues Neusom waived this argument and we cannot reach the issue. Neusom claims we review for plain error. Even assuming we were to review for plain error, there was none. Neusom cites *United States v. Yashar*, 166 F.3d 873, 875 (7th Cir.1999), for the proposition the statute of limitations begins to run when an offense is completed, that is, when each element of that offense has occurred. However, the Seventh Circuit specifically noted that the Ninth Circuit took a position contrary to its holding:

On the other hand, the Ninth Circuit, in a case which did not involve the statute of limitations, took a position similar to that propounded by the government. In *United States v. Morales*, 11 F.3d 915, 917–18 (9th Cir.1993), the court considered a bribery conviction based on bribes that occurred before and after the effective date of the Guidelines, but which were charged in a single count. Addressing an *ex post facto* challenge to the Guidelines sentence, the court defined the "offense" as the entire scheme. . . . Although not involving the statute of limitations, the court appears to hold that an offense is not complete until the scheme is completed.

*Yashar*, 166 F.3d at 878. Therefore, there is no plain error here. *See United States v. Thompson*, 82 F.3d 849, 855–56 (9th Cir.1996) (noting error cannot be plain error because there is no controlling Supreme Court or Ninth Circuit precedent and the other circuits are split).

**AFFIRMED.**

---

* Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.