**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Clark Anthony MILLER, Defendant–Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Clark Anthony Miller, Defendant–Appellant.**

Nos. 04–56843, 05–55481.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2006.*

Filed Nov. 20, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Watkins v. INS,* 63 F.3d 844, 847 (9th Cir. 1995).

2. 8 U.S.C. § 1252b(a)(2)(1994).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mary Fan, Kevin M. Mulcahy, Esq., U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michael J. McCabe, Esq., Law Offices of Michael J. McCabe, San Diego, CA, for Defendant–Appellant.

Clark Anthony Miller, San Diego, CA, pro se.

Before: T.G. NELSON and BYBEE, Circuit Judges, and DUFFY,** District Judge.

** The Honorable Kevin T. Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

MEMORANDUM ***

Clark Anthony Miller appeals from the district court's denial of his motion for a new trial under *Fed.R.Crim.P. 33* without an evidentiary hearing.[1] We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

We review a denial of a motion for a new trial based on newly discovered evidence for an abuse of discretion. *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir. 1991). We also review a district court's decision on whether to hold an evidentiary hearing before ruling on the motion for an abuse of discretion. *United States v. Del Muro*, 87 F.3d 1078, 1080 n. 3 (9th Cir. 1996).

Miller's motion focuses on a declaration signed by Hector Bermudez, the government's chief witness at Miller's trial, and submitted as part of Bermudez's own motion for relief under 28 U.S.C. § 2255.

■ First, Miller argues that two paragraphs in Bermudez's declaration provide new evidence that the Government suborned and knowingly presented false testimony at Miller's trial:

> 29. I was promised again and again ... that after I testified against I.N.S. Agent Clark ("Tony") Miller at his upcoming trial that I would be placed in the Witness Protection Program along with my family, and that all of our expenses would be taken care of. AUSA Karen Moore advised me, however, that if questioned during ... the trial of Clark Miller whether any promises had been made to me in exchange for my testimony, I was to answer "no".

> 30. During the trial of Clark Miller, I testified that no promises had been made to me in exchange for my testimony. My testimony was false. Several promises had been made to me by Assistant U.S. Attorneys Roopel [sic] Shaw and Karen Moore concerning the fact that after my testimony in the Miller trial, I would be given a reduction in my sentence as well as being [sic] placed in the Witness Protection Program with my family.

The district court found that an evidentiary hearing was not needed because Bermudez's declaration lacked credibility. We find no abuse of discretion in that conclusion. First, motions for a new trial based on recanted testimony are viewed with suspicion. *See Allen v. Woodford*, 395 F.3d 979, 994 (9th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 134, 163 L.Ed.2d 137 (2005). Second, as the district court noted, Bermudez's accusations are uncorroborated and were rebutted by declarations from seven individuals familiar with his case, *including Bermudez's own defense lawyers.*

■ Second, Miller argues that, at the time of his arrest, Bermudez was working as a government informant. As a result, there could be no criminal conspiracy between Bermudez and Miller on May 29, 2000. Miller identifies the following paragraph in Bermudez's declaration as new evidence to support his claim:

> 3. In or about the summer of 1996, I began cooperating and working for the United States government as a confidential informant ("CI"). I continued cooperating with the U.S. government as a

---

1. Miller also appeals the district court's denial of his motion to vacate, set aside, or correct

his sentence pursuant to 28 U.S.C. § 2255, raising the same arguments. We treat this appeal under the same rubric and affirm the judgment below, *see United States v. Jackson*, 209 F.3d 1103, 1106 (9th Cir.2000).

CI until 1997, and then again from 2000 to 2001.

The district court rejected this claim, concluding that Bermudez's actions on the date of Miller's offense "were inconsistent with those of a confidential informant." Reviewing the trial record, the court noted that on the date of the offense, Bermudez (i) entered the United States with over 1000 pounds of cocaine, (ii) sped away from customs inspectors at the point of entry, almost hitting one of them, (iii) abandoned his car, fled on foot, and changed his clothes, and (iv) paid a taxi driver $200 to drive him a quarter of a mile back into Mexico. He was later arrested, tried, and convicted for these acts. Given these facts, we agree that the assertions made in paragraph three of the Bermudez declaration strain belief, and therefore hold that the district court did not abuse its discretion in rejecting this justification for a new trial without an evidentiary hearing.

Third, Miller argues that paragraph three of Bermudez's declaration offers new evidence that was not disclosed to the defense or introduced at trial—that Bermudez was working as a government informant between the summer of 1996 and 1997. This discovery, he argues, is sufficient to warrant a new trial.

This argument was not raised before the district court and is, therefore, waived on appeal. *See United States v. Pimentel–Flores*, 339 F.3d 959, 967 (9th Cir.2003).

**AFFIRMED.**