**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Fermin CONTRERAS–MURILLO,**
**Defendant–Appellant.**

No. 07–50215.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2008.

Filed March 21, 2008.

Arnold Dale Blankenship, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Shaffy Moeel, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: GIBSON,* O'SCANNLAIN, and GRABER, Circuit Judges.

## MEMORANDUM **

A jury convicted Defendant Fermin Contreras–Murillo of attempted illegal reentry in violation of 8 U.S.C. § 1326. The district court sentenced him to 57 months' imprisonment. He appeals both his conviction and his sentence.

1. Defendant first argues that the district court erred by refusing to instruct the jury that, if Defendant believed that his "green card" (I–151) was valid, the jury had to acquit him. There was some evidence from which a reasonable jury could have concluded that Defendant believed that he had permission to reenter the United States, including the facts that Defendant readily handed over the card without displaying nervousness and that the green card appeared to border agents to be valid and unaltered. *See United States v. Garcia–Cruz*, 978 F.2d 537, 540 (9th Cir.1992) (stating that we review for abuse of discretion whether there is some foundation in the evidence for a defendant's proposed instruction).

But Defendant's theory of defense was adequately covered by the instructions given. *See United States v. Bello–Bahena*, 411 F.3d 1083, 1088–89 (9th Cir.2005) (explaining that we review de novo whether the district court's instructions adequately cover the theory of defense); *United*

States v. Martinez–Martinez, 369 F.3d 1076, 1083 (9th Cir.2004) (holding that "it is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions adequately cover the defense theory" (internal quotation marks omitted)). Specifically, Instruction 12 correctly told the jury about the required specific intent as described by this court in *United States v. Gracidas–Ulibarry*, 231 F.3d 1188, 1196 (9th Cir. 2000) (en banc). The district court instructed that the government was required to "prove beyond a reasonable doubt that the defendant had the purpose, that is, a conscious desire, to reenter the United States on August 8, 2006 without the express consent of the Secretary of the Department of Homeland Security." If the jury were to find that the government failed to meet its burden to "prove beyond a reasonable doubt that the defendant had the purpose and conscious desire to reenter the United States on August 8, 2006 without the express consent of the Secretary of the Department of Homeland Security," the court instructed the jury that it "must return a verdict of not guilty." Defense counsel was able not only to develop evidence in support of the assertion of mistaken belief, but also to argue under Instruction 12 that Defendant's mistaken belief negated that requirement of specific intent. Had the jury believed Defendant's theory, under Instruction 12 it would have found him not guilty. *See United States v. Del Muro*, 87 F.3d 1078, 1081 (9th Cir. 1996) (per curiam) (holding that the district court did not err in refusing to give the defendant's requested instruction concerning his mistaken belief about United States citizenship, because the court had

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

given an instruction covering the elements of the crime, including the mens rea element).

2. The district court correctly ruled that Defendant's conviction for lewd and lascivious acts with a child under 14, in violation of California Penal Code § 288, is a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). *United States v. Medina–Maella*, 351 F.3d 944 (9th Cir. 2003); *United States v. Baron–Medina*, 187 F.3d 1144 (9th Cir.1999). Therefore, the court properly applied a 16–level upward adjustment.

3. Defendant concedes that his argument, preserved for the sake of potential Supreme Court review, that his prior conviction had to be proved beyond a reasonable doubt has been rejected numerous times by this court. *See, e.g., United States v. Velasquez–Reyes*, 427 F.3d 1227, 1229 (9th Cir.2005) (holding that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), remains good law and rejecting the contention that prior convictions must be admitted by the defendant or found by the jury).

AFFIRMED.