NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 2 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NORMAN WAYNE BOND LENOX,

Defendant-Appellant.

No.  15-35532

D.C. Nos.   1:15-cv-00004-SPW
1:14-cr-00022-SPW-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted October 4, 2016
Portland, Oregon

Before:  CLIFTON, MURGUIA, and NGUYEN, Circuit Judges.

Norman Wayne Bond Lenox appeals the district court's order dismissing

without prejudice his motion to correct his sentence pursuant to 28 U.S.C. § 2255.

We have jurisdiction under 28 U.S.C. §§ 2253(a) and 2255(d).

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

When an attorney seeking post-conviction relief for his client "[is] compelled . . . to prove his services to the defendant were ineffective, he [is] burdened with a strong disincentive to engage in vigorous argument and examination, or to communicate candidly with his client. The conflict [is] not only actual, but likely to affect counsel's performance." *United States v. Del Muro*, 87 F.3d 1078, 1080 (9th Cir. 1996). A district court that becomes aware of such a conflict "should not be required to tolerate an inadequate representation of a defendant." *Wheat v. United States*, 486 U.S. 153, 162 (1988) (quoting *United States v. Dolan*, 570 F.2d 1177, 1184 (3d Cir. 1978)). "Such representation not only constitutes a breach of professional ethics and invites disrespect for the integrity of the court, but it is also detrimental to the independent interest of the trial judge to be free from future attacks over . . . the fairness of the proceedings . . . ." *Id.* (quoting *Dolan*, 570 F.2d at 1184).

The district court here admirably sought to protect Lenox's rights when his counsel's conflict of interest became evident to the court. The procedure that it employed to address the conflict, however, was problematic. The district court might have had grounds to disqualify the attorney who filed the motion for Lenox from further participation in the case, though no such order appears to have been

2

entered,[1] but the district court did not cite any authority that authorized it to disregard the filing that had been made on behalf of Lenox, and we are aware of none. The district court did not act improperly in advising Lenox that if he wanted to proceed he would need to do so with replacement counsel or pro se. Similarly, it would not have acted improperly by advising him that he should revisit his motion and consider amending it. But there is no authority to simply dismiss the motion, even without prejudice. Lenox should have been given the option to proceed with the motion that had already been filed, albeit pro se or with new counsel.

In addition, a dismissal by the district court should have been accompanied with leave to amend. A § 2255 movant is entitled to amend once as a matter of course before the responsive pleading is served. Thereafter, the movant may amend only with the government's consent or the court's leave, which "shall be

---

[1] No order disqualifying prior counsel appears to have been entered by the district court, but that appeared to be the tacit result of the district court's action. An order disqualifying counsel is not immediately appealable. *See Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 426 (1985). The district court therefore could not dismiss the § 2255 proceedings and grant a certificate of appealability solely to test whether its disqualification of counsel was correct. Because no such order was entered and because Lenox does not currently challenge any implied order or appear to seek the continued participation of his prior counsel, we do not address the merits of any disqualification ruling.

3

freely given when justice so requires."[2] *Mayle v. Felix*, 545 U.S. 644, 665 (2005) (quoting Fed. R. Civ. P. 15(a)); *see* Rules Governing § 2255 Proceedings, R. 12, 28 U.S.C. foll. § 2255 (permitting application of the Federal Rules of Civil Procedure to § 2255 proceedings). A district court abuses its discretion in dismissing a pleading without leave to amend where, as here, "there is no evidence of delay, prejudice, bad faith, or previous amendments" and amendment would not clearly be futile. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

At this point, the appropriate remedy is to vacate the dismissal of the originally filed motion and to remand to the district court for further proceedings on that motion, including the possibility of leave to amend the motion. In addition, the district court should consider whether it is appropriate to appoint counsel under

---

[2] At oral argument, the government asserted that "the [district] court was performing its gatekeeping function under Rule 4" of the Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255. That characterization of the record is incorrect. Under Rule 4(b), the district court "must promptly examine" the motion and dismiss it "[i]f it plainly appears . . . that the moving party is not entitled to relief." Otherwise, the court "must order the United States attorney to file an answer, motion, or other response." *Id.* Here, the district court ordered the government to file a response to the motion and in its dismissal order found that "Lenox makes a showing of some substance that he was deprived of a constitutional right."

the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), and Rule 6(a) of the Rules

Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255.

**VACATED and REMANDED.**