**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLIFFORD W. MILLER, | No. 23-15256 |
| Petitioner-Appellant, | D.C. No. 3:19-cv-00673-MMD-CSD |
| v. | |
| ATTORNEY GENERAL FOR THE STATE OF NEVADA; et al., | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted April 21, 2025
SD Carter & Keep U.S. Crthse

Before: WALLACE, McKEOWN, and OWENS, Circuit Judges.

Appellant Clifford W. Miller appeals from the district court's denial of his

petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253.

"We review the district court's denial of habeas relief de novo." *Panah v.

Chappell*, 935 F.3d 657, 663 (9th Cir. 2019). We affirm.

Miller asserts he received ineffective assistance of counsel in violation of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Strickland v. Washington*, 466 U.S. 668 (1984), during the penalty phase of his trial due to his trial counsel's failure to present Miller's medical and mental health history as a mitigating factor. Under the doubly deferential review mandated by *Strickland* and the Antiterrorism and Effective Death Penalty Act, *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011), we cannot hold that the Nevada Court of Appeals unreasonably concluded that Miller's trial counsel was competent and developed a reasonable strategy to avoid relying on evidence that was "a double-edged sword [that could] yield both helpful and harmful inferences." *Atkins v. Bean*, 122 F.4th 760, 778 (9th Cir. 2024).

Miller's remaining two claims are procedurally defaulted, and he cannot meet the standard under *Martinez v. Ryan*, 566 U.S. 1 (2012), to excuse his default because those claims are without merit. For the reason explained above, Miller's trial counsel was not ineffective for making the strategic decision to avoid relying on Miller's medical and mental health history during the guilt phase of Miller's trial. That strategy "f[ell] within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Nor was Miller's trial counsel ineffective for failing to request conflict counsel during a pretrial hearing in which Miller requested replacement counsel. Unlike *United States v. Del Muro*, 87 F.3d 1078 (9th Cir. 1996) (per curiam), which required an evidentiary hearing involving the production of new evidence and the examination of witnesses, the trial court here

2

was able to make the relevant determinations without requiring an extended evidentiary hearing in which Miller's trial counsel would have needed to engage in a level of argument and examination amounting to a conflict of interest with Miller.

**AFFIRMED.**